*In re* Le BLANC

Docket No. 100386. Submitted June 22, 1988, at Detroit. Decided
    September 8, 1988.

Sixteen-year-old Richard A. Le Blanc was arrested and charged
    with first-degree premeditated murder and arson of a building.
    The prosecutor filed a motion in Wayne County Probate Court
    seeking a waiver of jurisdiction so that Le Blanc could be tried
    as an adult in Wayne Circuit Court. The probate court, follow-
    ing the two phases of the waiver proceedings, denied the
    motion for waiver, stating that, while it felt defendant should
    be tried as an adult, it was constrained to follow an earlier
    Michigan Supreme Court decision which held that an intelli-
    gent, first-time juvenile offender who commits premeditated
    murder is required to stay within the juvenile system. The
    prosecutor appealed the denial of the motion to the Wayne
    Circuit Court, which affirmed, Helene Nita White, J. The
    prosecutor appealed by leave granted.

The Court of Appeals *held:*

1. The probate court erred in assuming that under the
    Supreme Court decision a probate judge no longer retains
    discretion whether to grant or deny a waiver of jurisdiction.
    The Supreme Court decision does not stand for the proposition
    that, when dealing with an intelligent first-time offender who
    commits a premeditated murder, the probate court is required
    to keep the offender within the juvenile system.

2. On remand, the probate court is to make new findings on
    each criterion pursuant to the statute and render an opinion
    granting or denying waiver.

Reversed and remanded.

1. INFANTS — CRIMINAL LAW — JUVENILE OFFENDERS — WAIVER OF
    JURISDICTION.

    An order of a probate court waiving jurisdiction over a juvenile

REFERENCES

Am Jur 2d, Juvenile Courts and Delinquent and Dependent Chil-
    dren §§ 16 *et seq.,* 21, 29, 32.
Possibility of rehabilitation as affecting whether juvenile offender
    should be tried as adult. 22 ALR4th 1162.

offender will be affirmed whenever the probate court's findings, based upon substantial evidence and upon thorough investigation, show either that the juvenile is not amenable to treatment or, despite his potential for treatment, the nature of his difficulty is likely to render him dangerous to the public, if released at age nineteen, or to disrupt the rehabilitation of other children in the program prior to his release.

2. INFANTS — CRIMINAL LAW — FIRST-DEGREE PREMEDITATED MURDER — WAIVER OF JURISDICTION.

A probate court, when dealing with an intelligent, first-time offender who commits a premeditated murder, is not required to keep the juvenile within the juvenile system; the court has the discretion to grant or deny a waiver of jurisdiction over a juvenile after considering each of the five criteria set forth in the statute and the court rules (MCL 712A.4[4]; MSA 27.3178[598.4][4]; MCR 5.911[A][2]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of the Criminal Division, Research, Training and Appeals, and *Thomas M. Chambers,* Assistant Prosecuting Attorney, for the people.

*Edward L. Homeier,* for defendant.

Before: CYNAR, P.J., and SULLIVAN and J. R. ERNST,* JJ.

PER CURIAM. The people appeal by leave granted from an April 20, 1987, order of the Wayne Circuit Court which affirmed the probate court's June 9, 1986, order denying the people's motion for waiver to circuit court. We reverse and remand for further proceedings.

Defendant, Richard Allen LeBlanc, was born on April 14, 1969. He resided at 21337 Merriman Road, Huron Township, Michigan, with his father and sister. On November 9, 1985, defendant was

---

* Circuit judge, sitting on the Court of Appeals by assignment.

involved in an argument with his father, who had reprimanded him for forgetting to feed the horses earlier that day. While arguing, defendant's father pushed defendant and continued "yelling" at defendant. Defendant apparently became extremely angry and hit his father on the head with a wrench. After his father fell, defendant hit him several more times until he was dead. Subsequently, defendant went out with some friends and returned at approximately 12:30 A.M. Upon returning, he took a gasoline can, poured the gas throughout the house, ignited it, and left.

Defendant was charged with first-degree premeditated murder, MCL 750.316; MSA 28.548, and arson of a dwelling, MCL 750.72; MSA 28.267. The people filed a motion on November 19, 1985, requesting waiver of juvenile court jurisdiction. Defendant was sixteen years old at the time. The first phase of the waiver proceedings to determine whether there existed probable cause to believe that defendant committed the charged offenses, MCL 712A.4(3); MSA 27.3178(598.4)(3); MCR 5.911(A)(1), was held on December 11, 1985. At the hearing, a question was raised regarding defendant's competency to assist in his defense during these proceedings. The matter was adjourned for a psychiatric evaluation of defendant's competency. The matter was reconvened on January 10, 1986, and defendant waived the taking of testimony for the purpose of establishing probable cause as to the charged offenses.

On April 8, 1986, the second phase of the waiver proceedings commenced pursuant to MCL 712A.4(4); MSA 27.3178(598.4)(4) and MCR 5.911(A)(2) to determine whether the interests of defendant and the public would best be served by waiving jurisdiction to the adult criminal court. Several witnesses, including social workers and

psychiatrists, testified on the question of waiver. None of the witnesses recommended waiver. Following the testimony of witnesses, the probate judge made the following findings:

> The Court when deciding to grant or to deny has to look to the working and to the case law. More particularly, the case of *Dunbar.* [*People v Dunbar,* 423 Mich 380; 377 NW2d 262 (1985)]

> The Court when deciding to grant waivers has to deliniate [sic] the reasons for granting the waiver.

> But, the record is silent, or the Court Rule is silent as to the requirements deliniating [sic] the Court's reasons when denying waivers.

> The Court, however, in this case will give my reasons.

> First, as to prior record, character, prior and mental patterns of living, the Court finds that the burden of proof also is substantial evidence.

> The Court will find that this particular respondant [sic] has an exemplary personal life, is physically mature, that his pattern of life except for this offense was one of a good student, well liked in the community. Mentally was immature as testimony only would be in relationship to this incident.

> The character of the child, the testimony was abudant [sic] that he has a strong character, good character.

> The Court will find that the State has not met their burden for paragraph 4 (a).

> The seriousness of the offense, the Court can't think of anything more serious then murder in the first degree. So, the State has met their burden there.

> In paragraph (c), entry of the offense if it is a repetitive pattern. This is no repetitive pattern, which would leave [sic] one to believe the child may be beyond rehabilitation on the regular statutory juvenile processor.

> The Court does not enter the particular respondant [sic] is beyond the rehabilitation of the regu-

lar juvenile system. In that the respondant [sic] doesn't need any rehabilitation when I look at the rehabilitation under the general idea.

He doesn't have a criminal background, criminal history. He has all of those values that society looks upon in a favorable light.

So, as far as a history, that would require rehabilitation, except for this parricide, the Court does not believe that he's beyond, he needs rehabilitation except for this particular crime.

Suitability of the program, the Court doesn't believe the juvenile system has anything available for this respondant [sic] to correct him except for in the adult system.

And for that, I have to go to *Dunbar*—I'll go back to *Dunbar* in a second.

The juvenile system doesn't have any psychologist or psychiatrist for this respondant [sic] that's available in the young adult system.

As far as education, as far as anything that is offered in the adult system, he can get his GED and get some college credits. He can get a trade that's not available in the juvenile system.

So, the Court believes that the juvenile system would be the better system, or the young adult system would be the better system in the state as in paragraph (d).

The better interest of the public welfare and protection, generally requires that this individual stand trial as an adult offender.

There has been no testimony except the term possibility that he may be violent in the future. The testimony was more credited then [sic] that.

This was an isolated action focused on a particular individual. And that's what the Court wants to talk about a little bit at this time.

He's charged with premeditated murder. It's the same statute that the respondant [sic] was charged with under *Dunbar.*

The Court is bound by the law, sometimes the Court doesn't like being bound by the law. When I took this position, I'm required to follow the law.

The Court—once somebody waived probable cause, or finds probable cause, has to agree that this person did premeditate the murder.

The Court looks at some of the facts and some of the information that I got during the waiver proceedings.

I found that the mother's funeral, that the mother was cremated and not here. That the father was premeditatedly killed. And then there was the burning of the dwelling.

I think this was well thought out, well orchestrated murder.

The respondant [sic] was a gifted student. He was also studying the law at high school. I know it's a different level that we have here.

*But,* Dunbar *came out in the news media very close to the time, prior to the time that this event took place.*

*And I guess what the message is, if you're a good student, and that if you plan out the death of a person, if you premeditate that death, you plan the entire thing out, you come in under* Dunbar *and that you're required to stay within the juvenile law.*

*I don't agree with this reasoning, but I must follow it.*

*Based on the* Dunbar *decision, the Court will deny the motion for waiver.* [Emphasis supplied.]

On April 20, 1987, the circuit court affirmed the probate court's denial of waiver. The people sought leave to appeal. Leave was granted on June 9, 1987. The sole issue for our determination is whether the probate court erred by denying the people's motion for waiver.

When a child has reached the age of fifteen and has been accused of any act the nature of which constitutes a felony, the probate court in the county wherein the offense allegedly took place may waive jurisdiction over the minor upon motion by the prosecuting attorney. MCL 712A.4(1);

MSA 27.3178(598.4)(1). Five criteria must be considered by the probate court in determining whether jurisdiction should be waived. At the time applicable herein the criteria as set forth in the court rules read:

> (a) the child's prior record and character, physical and mental maturity, and pattern of living;
> (b) the seriousness of the offense;
> (c) even though less serious, if the offense is part of a repetitive pattern of offenses which would lead to a determination that the child may be beyond rehabilitation under the regular statutory juvenile procedures;
> (d) the relative suitability of programs and facilities available to the juvenile and criminal courts for the child;
> (e) whether the best interests of the public welfare and the protection of the public security, generally, require that the child stand trial as and adult offender. [MCR 5.911(A)(2). (The court rule is now MCR 5.950[B][2][C].) See also MCL 712A.4(4); MSA 27.3178(598.4)(4).]

No single criterion shall be given preeminence over the others. *People v Schumacher,* 75 Mich App 505, 512; 256 NW2d 39 (1977). An order waiving jurisdiction will be affirmed whenever the probate court's findings, based upon substantial evidence and upon thorough investigation, show either that the juvenile is not amenable to treatment or, despite his potential for treatment, the nature of his difficulty is likely to render him dangerous to the public, if released at age nineteen, or to disrupt the rehabilitation of other children in the program prior to his release. *People v Dunbar,* 423 Mich 380, 387; 377 NW2d 262 (1985), reh den 424 Mich 1201 (1985); *People v Nelson,* 168 Mich App 781; 425 NW2d 255 (1988).

In this case, our review of the probate judge's

findings reveals that the court misapplied *Dunbar, supra.* In *Dunbar,* the defendant was one of several individuals who participated in the beating death of the victim and the theft of the victim's bicycle. The defendant was sixteen years old when he committed the crimes of first-degree felony murder and armed robbery. The prosecutor sought waiver. The parties stipulated that probable cause existed and the matter proceeded to the second phase of the waiver proceedings. Numerous witnesses testified concerning the appropriateness of waiver, but only one recommended that jurisidiction over the defendant be waived. The probate court waived jurisdiction. The defendant was convicted of felony murder and received a mandatory nonparolable life sentence. The defendant appealed the waiver order. *Id.,* pp 384-385. The Supreme Court reversed after reviewing the testimony of the witnesses who testified at the waiver hearing. *Id.,* p 398.

In this case the judge incorrectly assumed that, under *Dunbar,* a probate judge no longer retains discretion whether to grant or deny a waiver of jurisdiction. Contrary to the probate judge's conclusion, *Dunbar* does not stand for the proposition that a probate court, when dealing with an intelligent first-time offender who commits a premeditated murder, is required to keep the offender within the juvenile system. In *Dunbar,* after reviewing the statutory criteria, the Supreme Court found under those facts that the need for waiver was not demonstrated by the prosecutor.

Therefore, we reverse and remand to the probate court to make new findings on each criterion pursuant to the statute and render an opinion denying or granting waiver. We do not retain jurisdiction.

Reversed and remanded.