PEOPLE v WILLIAMS

Docket No. 226596. Submitted April 10, 2001, at Grand Rapids. Decided
     April 20, 2001, at 9:25 A.M.

Walter J. Williams, a sixteen-year-old juvenile, was charged in the Ber-
     rien Circuit Court, Family Division (the family court), with two
     counts of armed robbery and two counts of possession of a firearm
     during the commission of a felony. The prosecution moved to
     waive the jurisdiction of the family court pursuant to the tradi-
     tional waiver process provided in MCL 712A.4(3) and (4) on the
     bases that the defendant was at least fourteen years old, the rob-
     bery, if committed by an adult, would be a felony, and the defen-
     dant had been previously tried and convicted of a felony in the cir-
     cuit court. The family court, Stuart F. Meek, Jr., J., conducted a
     phase-one hearing and found probable cause to believe that a rob-
     bery had been committed, that the robbery would be a felony if
     committed by an adult, and that the defendant committed the
     offense. The court, finding that the defendant previously had been
     tried as an adult in the Berrien Circuit Court, Criminal Division (the
     circuit court), waived jurisdiction to the circuit court without con-
     ducting a phase-two hearing to determine whether the best inter-
     ests of Williams and the best interests of the public required contin-
     uing family court jurisdiction or a trial in the circuit court. The
     defendant then pleaded guilty of unarmed robbery in the Berrien
     Circuit Court. The circuit court, Angela M. Pasula, J., sentenced
     Williams as an adult to six to fifteen years' imprisonment without
     conducting a hearing to determine whether an adult sentence was
     in the best interests of Williams and the public. The defendant's
     delayed application for leave to appeal was granted.

     The Court of Appeals *held*:

     1. MCL 712A.4(5) requires the family court to waive jurisdiction
     of the juvenile if the court finds that the juvenile has previously
     been subject to the jurisdiction of the circuit court as a result of
     criminal conduct. This requirement makes the best interests deter-
     mination conducted in a phase-two hearing irrelevant to the family
     court's decision to waive jurisdiction over a juvenile. The family
     court followed the statutory scheme in not conducting a phase-two
     hearing.

2. Pursuant to MCR 6.901(B), a hearing in the circuit court to determine whether to sentence a juvenile offender as an adult or as a juvenile is not necessary where the court acquires jurisdiction pursuant to the traditional waiver process. The circuit court did not err in failing to hold a sentencing hearing under MCR 6.931 because the family court waived jurisdiction over Williams under MCL 712A.4. The juvenile sentencing hearing described in MCR 6.931 applies to an automatic waiver case only, which is not the case in this matter.

3. A circuit court must impose an adult sentence where the court acquired jurisdiction over the juvenile pursuant to MCL 712A.4(5). The juvenile in such a situation is not entitled to a sentencing hearing pursuant to MCR 6.931.

4. The fact that the juvenile has previously been subject to the jurisdiction of the circuit court as a result of criminal conduct, rather than whether the juvenile has previously been convicted in the circuit court, requires that the family court must waive jurisdiction over the juvenile under MCL 712A.4(5), and that the juvenile must be tried as an adult and, if convicted, must be sentenced as an adult pursuant to MCR 6.901(B).

Affirmed.

1. COURTS — JUVENILES — JURISDICTION — WAIVER.

The traditional waiver process to transfer criminal proceedings involving a juvenile from the jurisdiction of the family court to the jurisdiction of the circuit court generally requires a two-phased waiver hearing; the first phase requires the family court to determine if there is probable cause to believe both that an offense has been committed that if committed by an adult would be a felony and that there is probable cause to believe that the juvenile committed the offense; the second phase requires the family court to determine if the best interests of the juvenile and the best interests of the public require a trial in the circuit court rather than in the family court (MCL 712A.4[3], [4]).

2. COURTS — JUVENILES — JURISDICTION — WAIVER.

The traditional waiver statute requires a family court to waive jurisdiction over a juvenile to the circuit court where the family court finds that the juvenile has previously been subject to the jurisdiction of the circuit court as a result of criminal conduct; in that event, the phase-two hearing relevant to the family court's decision to waive jurisdiction over the juvenile to the circuit court under the traditional waiver process is irrelevant and need not be conducted (MCL 712A.4[3], [4], [5]).

3. SENTENCES — JUVENILES — ADULT SENTENCES.

> The hearing following the conviction of a juvenile in the circuit court wherein the court must determine whether to sentence the juvenile as an adult or as a juvenile described in MCR 6.931 applies to automatic waiver cases only and does not apply in cases where the circuit court acquired jurisdiction over the juvenile under the traditional waiver process; a juvenile must be tried and sentenced as an adult where the circuit court acquires jurisdiction over the juvenile pursuant to the traditional waiver process, and the hearing under MCR 6.931 is irrelevant (MCL 712A.4[3], [4], [5]).

*Jennifer M. Granholm*, Attorney General, *Thomas L. Casey*, Solicitor General, *James A. Cherry*, Prosecuting Attorney, and *Aaron J. Mead*, Assistant Prosecuting Attorney, for the people.

*Jeanice Dagher-Margosian*, for the defendant.

Before: HOEKSTRA, P.J., and WHITBECK and COOPER, JJ.

WHITBECK, J. Defendant Walter Williams pleaded guilty of unarmed robbery.[1] We granted his delayed application for leave to appeal. We affirm.

### I. BASIC FACTS AND PROCEDURAL HISTORY

Williams' conviction arises from an incident in December 1998 in which he and three others robbed two individuals at gunpoint. Williams, who was born on October 17, 1982, was charged as a juvenile with two counts of armed robbery[2] and two counts of possessing a firearm during the commission of a felony.[3]

The prosecutor moved to waive the jurisdiction of the Family Division of the Berrien Circuit Court

---

[1] MCL 750.530.

[2] MCL 750.529.

[3] MCL 750.227b.

(hereafter the family court) pursuant to the "traditional waiver" process because sixteen-year-old Williams was at least fourteen years old and the robbery, if committed by an adult, would be a felony[4] and because Williams had been previously tried and convicted of a felony in the circuit court.[5] The family court found probable cause to believe that a robbery had been committed, that it would be a felony if committed by an adult, and that Williams committed the offense. However, the family court refused to hold a second hearing at which it would determine whether Williams' best interests and the public's best interests required continuing family court jurisdiction or a trial in the court of general jurisdiction (the Criminal Division of the Berrien Circuit Court, hereafter the circuit court). Rather, because Williams had been tried for a previous offense as an adult in a circuit court, the family court simply waived jurisdiction to the circuit court. In July 1999, Williams pleaded guilty of unarmed robbery in the Berrien Circuit Court, which sentenced him as an adult to six to fifteen years' imprisonment, without determining whether an adult sentence was in his best interests or the best interests of the public.

## II. PRESERVATION AND STANDARD OF REVIEW

On appeal, Williams contends that the circuit court erred in not holding a sentencing hearing pursuant to MCR 6.931 to determine whether to sentence him as an adult or a juvenile. He failed to preserve this issue

---

[4] See MCL 712A.4(1).
[5] See MCL 712A.4(5).

for appellate review by raising it in the circuit court.[6]
We presume without deciding that his argument
alleges a constitutional error because it implicates the
process to which he was due under the court rules
and state statutes. Thus, our review is for plain error
affecting his substantial rights.[7]

### III. STATUTORY AND COURT RULE CONSTRUCTION

The issue presented in this case requires that we
interpret and apply a variety of statutes and court
rules. The interpretative rules, which govern both the
court rules and the statutes at issue,[8] are familiar. If
the language is unambiguous, this Court must enforce
it without any further analysis.[9] Only when "reason-
able minds" could disagree regarding the proper
meaning of the statute or court rule does the Court
have a role in interpreting it.[10] The language "should
be construed reasonably" and the Court should keep
the purpose of the statute or court rule in mind.[11]

### IV. TRADITIONAL WAIVER CASES

The prosecutor in this case used a traditional
waiver process to transfer Williams' proceedings from
the family court's jurisdiction to the circuit court's

---

[6] See, generally, *People v Hogan*, 225 Mich App 431, 438; 571 NW2d 737
(1997).

[7] *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999).

[8] *Bruwer v Oaks (On Remand)*, 218 Mich App 392, 397; 554 NW2d 345
(1996).

[9] *Kiesel Intercounty Drain Drainage Dist v Dep't of Natural
Resources*, 227 Mich App 327, 334; 575 NW2d 791 (1998).

[10] See *id.*

[11] *Barr v Mt Brighton Inc*, 215 Mich App 512, 516; 546 NW2d 273
(1996).

jurisdiction. To effect this jurisdictional change, the traditional waiver statute[12] ordinarily requires a two-phased waiver hearing. In the first phase of the hearing, the family court must

> determine on the record if there is probable cause to believe that an offense has been committed that if committed by an adult would be a felony and if there is probable cause to believe that the juvenile committed the offense.[13]

The family court in this case held this probable cause hearing.

The second phase of the traditional waiver process requires the family court to determine whether the best interests of the juvenile and the best interests of the public require a trial in the court of general jurisdiction rather than in the family court.[14] Although the Legislature has prescribed six criteria the family court must consider when making this best interests determination,[15] the family court retains the discretion to make the ultimate decision whether to waive jurisdiction over the juvenile.[16] However, subsection 5 of the traditional waiver statute separately provides that the family court "*shall* waive jurisdiction of the juvenile if the court finds that the juvenile has previously been subject to the jurisdiction of the circuit court" as a result of criminal conduct.[17] This mandatory waiver language makes the best interests determination conducted in a phase-two hearing irrelevant to a family

---

[12] MCL 712A.4(3) and (4).

[13] MCL 712A.4(3); see also MCR 5.950(B)(1).

[14] MCL 712A.4(4); see also MCR 5.950(B)(2).

[15] MCL 712A.4(4)(a)-(f); see also MCR 5.950(B)(2)(d)(i)-(vi).

[16] See, generally, *In re Le Blanc*, 171 Mich App 405, 412; 430 NW2d 780 (1988).

[17] MCL 712A.4(5).

court's decision to waive jurisdiction over a juvenile to the circuit court. Consequently, in accordance with the statutory scheme, the family court in this case did not conduct a phase-two hearing for Williams.

Following a conviction in the circuit court, the circuit court typically must determine whether to sentence a juvenile offender as an adult or as a juvenile.[18] The best interests criteria that the trial court considers are highly similar to the criteria used to determine whether trial as an adult in a court of general jurisdiction is appropriate.[19] However, MCR 6.901(B) makes it clear that this sort of sentencing hearing leaving open the possibility of an adult *or* juvenile sentence does not apply in cases in which the circuit court acquires jurisdiction pursuant to a traditional waiver process. The statement in MCR 6.901(B) that "[t]he rules [in subchapter 6.900 of the court rules] do not apply to a person charged solely with an offense in which the juvenile court has waived jurisdiction pursuant to MCL 712A.4; MSA 27.3178(598.4)" could not be plainer. The interpretation that Williams advances, which would withhold a sentencing hearing under MCR 6.931 in traditional waiver cases only if the family court had conducted a phase-two hearing concerning the best interests factors, is at odds with this language in MCR 6.901(B). In this situation, our duty is clear: we must enforce the language as written[20] and hold that the circuit court did not err in failing to hold a sentencing hearing under MCR 6.931 for Wil-

---

[18] MCL 769.1(3); see also MCR 6.931.

[19] Compare MCL 769.1(3)(a)-(f) and MCR 6.931(E)(3)(a)-(f) with MCL 712A.4(4)(a)-(f) and MCR 5.950(B)(2)(d)(i)-(vi).

[20] See *Kiesel Intercounty Drain Drainage Dist, supra* at 334.

liams because the family court waived jurisdiction over Williams to the circuit court under MCL 712A.4.

Michigan Supreme Court precedent supports this holding. As the Supreme Court explained in *People v Veling*:[21]

> The postconviction sentencing hearing does not apply to jurisdiction of minors that is waived to circuit court under the traditional procedures. *People v Cosby*, 189 Mich App 461; 473 NW2d 746 (1991). Moreover, the court rules detailing the hearing process do not apply to jurisdiction of minors that is waived under the traditional procedures. See MCR 6.901(B).

Rather, the juvenile sentencing hearing described in MCR 6.931 only applies to an automatic waiver case, which is not the case here.[22]

### V. *THENGHKAM*

This Court's decision in *People v Thenghkam*[23] recognizes that when a traditional waiver case proceeds pursuant to MCL 712A.4(5), as in this case, a juvenile must be tried and sentenced as an adult, explaining that

> under Michigan law a minor can be (1) tried and sentenced as a juvenile, (2) tried as an adult and sentenced as a juvenile, or (3) tried and sentenced as an adult. Depending on the offense charged, the automatic waiver statute and the mandatory adult sentencing provision may require this third option. *Similarly, if the juvenile was previously under the*

---

[21] *People v Veling*, 443 Mich 23, 39, n 19; 504 NW2d 456 (1993).

[22] See *People v Hana*, 443 Mich 202, 224; 504 NW2d 166 (1993); see also *People v Parrish*, 216 Mich App 178, 183, n 1; 549 NW2d 32 (1996).

[23] *People v Thenghkam*, 240 Mich App 29, 40; 610 NW2d 571 (2000).

*jurisdiction of the recorder's court or the circuit court, this third option is mandatory.*[24]

Earlier in the *Thenghkam* opinion, this Court made what appears to be a contradictory statement concerning a circuit court's discretion to impose a juvenile sentence, stating:

> A juvenile convicted of an offense in the circuit court pursuant to this waiver provision must be sentenced in accordance with MCL 769.1(3); MSA 28.1072(3), *which permits the court to impose an adult or juvenile sentence* on the basis of findings relevant to explicit criteria and the way the court weighs those findings. See also MCR 6.931.[25]

We believe that the *Thenghkam* panel,[26] when it referred to "this waiver provision,"[27] was referring to traditional waivers as a whole class of cases and not the special subset of traditional waiver cases that encompass juveniles who have been tried previously as adults. Nevertheless, the wording in this particular portion of the *Thenghkam* opinion makes it difficult to distinguish between the bulk of traditional waiver cases under MCL 712A.4 that proceed pursuant to subsection 4 of that statute and the fewer cases, like this case, that fall under subsection 5 of that statute.

Clearly, the statement in *Thenghkam* that implies that a circuit court may impose a juvenile sentence on a minor defendant who has previously been tried as an adult is dictum, and likely erroneous dictum at

---

[24] *Id.* (emphasis added).

[25] *Id.* at 38-39 (emphasis added).

[26] Judges HOEKSTRA and WHITBECK were members of the *Thenghkam* panel and Judge WHITBECK authored the opinion.

[27] *Thenghkam, supra* at 39.

that.[28] The circuit court in *Thenghkam* did not acquire jurisdiction over the minor defendant under MCL 712A.4(5).[29] Any suggestion that certain procedures apply in traditional waiver cases concerning juveniles who have been tried previously as adults is not binding because it was not essential to the disposition of the appeal in *Thenghkam*.[30] Thus, we emphasize that we adhere to the statement in *Thenghkam*[31] that *when a circuit court acquires jurisdiction over a juvenile pursuant to MCL 712A.4(5), it must* impose an adult sentence. In such a case, the court rules and statutory scheme do not provide for a sentencing hearing that focuses on best interests factors because the lack of discretion in the form of sentencing makes the best interests determination irrelevant. With this in mind, it is apparent that Williams, who had already been tried and convicted as an adult by the time the circuit court sentenced him in this case, was not entitled to a sentencing hearing pursuant to MCR 6.931.

---

[28] Error of this type is particularly annoying, rather like a buzzing insect that simply begs for the flyswatter. Like Roger J. Traynor, we observe:

"Errors are the insects in the world of law, traveling through it in swarms, often unnoticed in their endless procession. Many are plainly harmless; some appear ominously harmful. Some, for all the benign appearance of their spindly traces, mark the way for a plague of followers that deplete trials of fairness." [Roger J. Traynor, *The riddle of harmless error*, p ix (1970), quoted in Foley & Filiatrault, *The riddle of harmless error in Michigan*, 46 Wayne L R 423, 424 (2000).]

[29] *Thenghkam, supra* at 41.

[30] See *People v Squires*, 240 Mich App 454, 458; 613 NW2d 361 (2000).

[31] *Thenghkam, supra* at 40.

VI. POLICY CONSIDERATIONS

Even the prosecutor acknowledges that this interpretation of the procedures required when a family court waives jurisdiction under MCL 712A.4(5) tends to increase the effect of the prosecutor's charging discretion and may lead to unfair results in other cases. For instance, if a prosecutor succeeds in having family court jurisdiction waived and tries a juvenile for a felony in the circuit court, the judge or jury may still acquit the juvenile, the prosecutor may drop the charges, or the circuit court may grant a motion to dismiss.[32] Nevertheless, if the prosecutor thereafter charges the juvenile for another felony, the juvenile *must* be tried as an adult and, if convicted, sentenced as an adult. This is so even though (a) the juvenile is not a recidivist, having never been convicted of a crime, and (b) a family court trial and a juvenile sentence may be appropriate under the facts of the case. This situation arises because circuit court *jurisdiction*, not *conviction*, triggers a trial in the circuit court and, ultimately, an adult sentence.[33] This puts juveniles who are tried for a relatively less serious felony pursuant to MCL 712A.4(5), even though they had never previously been convicted in an adult trial, in the same sentencing category as juveniles who are tried and convicted of the most heinous crimes under the modern automatic waiver statute.[34]

It may be, as Williams contends, that the Legislature and the Supreme Court intended MCL 712A.4(5)

---

[32] We do not intend to define all instances when a circuit court may exercise jurisdiction over a juvenile without a conviction.

[33] MCL 712A.4(5).

[34] See MCL 769.1(1).

to interact with MCR 6.901(B) to preclude duplicative best interests hearings in a given case, rather than foreclosing the determination altogether. If so, they failed to make this intent clear. In other words, if the Supreme Court and the Legislature only intended to preclude juveniles in traditional waiver cases who have a history of one or more criminal trials as an adult from having a phase-two hearing *and* a sentencing hearing, the scheme they set in place does not accomplish this goal. We think it possible that the Legislature and the Supreme Court intended only to have juveniles who were convicted of a felony following a trial in the circuit court, or those who pleaded guilty of a felony in the circuit court, treated this way. Evidence of recidivism may implicate some of the serious and legitimate concerns the Legislature has acknowledged in prescribing adult sentences for juveniles who commit serious crimes and who are subject to automatic waiver to the circuit court without the possibility of a juvenile sentence.

Nevertheless, the language in the relevant statutes and court rules is clear. Whether to change this language to allow a best interests sentencing determination for nonrecidivist juveniles convicted of a felony when they are tried in the circuit court pursuant to MCL 712A.4(5) is a policy decision. We encourage the Legislature to revisit this issue to ensure that this is the intended sentencing scheme and not an oversight that would allow an unfair and unintended result because the Legislature, not an intermediate appellate court, must make this sort of decision.

Affirmed.