*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* ROYAL ROBERTSON, Minor.

PEOPLE OF THE STATE OF MICHIGAN,

Petitioner-Appellee,

UNPUBLISHED
April 20, 2023

v

ROYAL ROBERTSON,

Respondent-Appellant.

No. 360538
Berrien Circuit Court
Family Division
LC No. 2021-000389-DL

Before: SHAPIRO, P.J., and REDFORD and YATES, JJ.

PER CURIAM.

Respondent appeals as of right the family court's order waiving jurisdiction of respondent to the circuit court of general criminal jurisdiction. A juvenile at the time of the alleged offenses, respondent was charged in a delinquency petition with open murder, MCL 750.316; felony murder, MCL 750.316(1)(b); tampering with evidence, MCL 750.483a(6)(b); armed robbery, MCL 750.529; carrying a concealed weapon, MCL 750.227; and four counts of possessing a firearm during the commission of a felony, MCL 750.227b. We affirm.

## I. FACTUAL BACKGROUND

In August 2020, respondent was placed on probation for an unrelated petition and began Intensive Probation Services and Functional Family Therapy. In February 2021, respondent was placed on a tether because of behavioral concerns at home and noncompliance with curfew. After absconding from tether, respondent was detained at the Berrien County Juvenile Detention Center from September 9, 2021 until September 24, 2021. On the later date, he was released with conditions: (1) again placed on tether, (2) escalated from Intensive Probation Services to Intensive Community Treatment Program, and (3) placed in Parenting with Love and Limits. His team consisted of a therapist, a case manager, tether supervision by reintegration officers, a substance-abuse counselor, and virtual schooling, specifically built to provide him with programming because of his high risk to reoffend.

-1-

On October 15, 2021, a 13-year-old juvenile was found dead with two gunshots to the back of the head. Law enforcement identified respondent as a suspect October 16, 2021 and ultimately arrested and charged him as previously stated. Petitioner filed a petition in the family court with a motion requesting the court to waive jurisdiction of respondent for submission to the general criminal jurisdiction of the circuit court. At the Phase I hearing governed by MCL 712A.4(3) and MCR 3.950(D)(1), the family court found that the petitioner established probable cause that respondent was 14 years of age or older and committed offenses that would be felonies if committed by an adult. At the Phase II hearing governed by MCL 712A.4(4) and MCR 3.950(D)(2), the family court considered the six factors and found that the prosecution established by a preponderance of the evidence that waiver of jurisdiction of respondent served the best interests of respondent and the public. Respondent now appeals.

## II. WAIVER OF JURISDICTION

### A. STANDARD OF REVIEW

[A]n order waiving jurisdiction will be affirmed whenever the judge's findings, based on substantial evidence and on thorough investigation, show either that the juvenile is not amenable to treatment, or, that despite his potential for treatment, the nature of his difficulty is likely to render him dangerous to the public, if released at age nineteen, or to disrupt the rehabilitation of other children in the program prior to his release. [*People v Dunbar*, 423 Mich 380, 387; 377 NW2d 262 (1985) (quotation marks, alteration, and citations omitted).]

"[T]here must be evidence on the record, to which the probate court must refer, regarding the relative suitability of programs and facilities available in the juvenile and adult correctional systems." *Id*. at 388 (citation omitted). The court's findings of fact are reviewed under the clearly erroneous standard. MCR 3.902(A) and MCR 2.613(A). "A finding is clearly erroneous if the reviewing court is left with a definite and firm conviction that a mistake has been made," with the reviewing court "defer[ring] to the special ability of the trial court to judge the credibility of witnesses." *In re LaFrance*, 306 Mich App 713, 723; 858 NW2d 143 (2014).

### B. ANALYSIS

Respondent first argues that the family court erred by waiving jurisdiction because its obligation to give greater weight to the seriousness of the alleged offense meant that the court ignored testimony that he virtually received no services or a psychological evaluation. We disagree.

Generally, the family division of the circuit court exercises jurisdiction over individuals who are 17 years old and younger, and possesses the authority to adjudicate and sentence such persons who are accused of violating a law. See MCL 600.606; MCL 712A.2(a)(1); MCL 712A.1(2) and (3); *People v Thenghkam*, 240 Mich App 29, 36; 610 NW2d 571 (2000), abrogated on other grounds *People v Petty*, 469 Mich 108, 116-118; 665 NW2d 443 (2003). However, if an individual is over the age of 14 "when charged with conduct amounting to a felony had the minor been an adult, the prosecutor has the discretion to ask the family court to waive its jurisdiction over the juvenile." *Thenghkam*, 240 Mich App at 37, citing MCL 712A.4(1). To

determine whether jurisdiction should be waived, the waiver hearing is conducted in two phases. MCL 712A.4(3) and (4); MCR 3.950(D); *People v Williams*, 245 Mich App 427, 432; 628 NW2d 80 (2001). The first phase requires a determination of probable cause. MCL 712A.4(10); *People v Hana*, 443 Mich 202, 222; 504 NW2d 166 (1993). The second phase requires a determination "whether the best interests of the juvenile and the best interests of the public require a trial in the court of general jurisdiction rather than in the family court." *Williams*, 245 Mich App at 432; see also MCL 712A.4(4); MCR 3.950(D)(2); *Hana*, 443 Mich at 223. "[T]he Legislature has prescribed six criteria the family court must consider when making this best interests determination . . . ." *Williams*, 245 Mich App at 432, citing MCL 712A.4(4)(a) to (f). MCL 712A.4(4) requires the family court to consider the following six factors before waiving jurisdiction over a juvenile:

> (a) The seriousness of the alleged offense in terms of community protection, including, but not limited to, the existence of any aggravating factors recognized by the sentencing guidelines, the use of a firearm or other dangerous weapon, and the impact on any victim.

> (b) The culpability of the juvenile in committing the alleged offense, including, but not limited to, the level of the juvenile's participation in planning and carrying out the offense and the existence of any aggravating or mitigating factors recognized by the sentencing guidelines.

> (c) The juvenile's prior record of delinquency including, but not limited to, any record of detention, any police record, any school record, or any other evidence indicating prior delinquent behavior.

> (d) The juvenile's programming history, including, but not limited to, the juvenile's past willingness to participate meaningfully in available programming.

> (e) The adequacy of the punishment or programming available in the juvenile justice system.

> (f) The dispositional options available for the juvenile. [See also MCR 3.950(D)(2)(d).]

The family court must give "greater weight to the seriousness of the alleged offense and the juvenile's prior record of delinquency than to the other criteria." MCL 712A.4(4); *People v Whitfield (After Remand)*, 228 Mich App 659, 662 n 1; 579 NW2d 465 (1998). The petitioner bears the burden of establishing by a preponderance of the evidence that waiver would serve the best interests of the juvenile and the public. MCR 3.950(D)(2)(c).

The record indicates that respondent mischaracterizes the amount of programming provided to him. Although the family court must give greater weight to the seriousness of the alleged offense, it must still consider respondent's programming history. In this case, the family court did that and noted that respondent struggled with evidence-based programming. The court did not order a psychological evaluation nor provide psychiatric services, but the record established that it provided respondent other programming including Intensive Probation Services, family therapy, placement on tethers, and programming at the juvenile center. The family court

provided numerous opportunities over two years for respondent to engage with and benefit from programming. Respondent, however, failed to take advantage of provided programming and rehabilitative efforts. After analyzing respondent's programming participation, the family court explained that respondent demonstrated unwillingness to participate in any meaningful or enduring manner in implemented programming. The court discerned no lasting success from respondent's participation in any of the programming. The record indicates that the court properly considered the six enumerated factors in MCL 712A.4(4) and made appropriate findings supported by evidence in the record that respondent failed to take the provided programming seriously. The record also reflects that the trial court did not ignore testimony about respondent's programming history before waiving jurisdiction over respondent to the circuit court of general criminal jurisdiction.

Respondent argues that he was spiraling out of control so he should not have been expected to take advantage of programming made available to him to help him. Respondent claims that he should have been given an intense psychological evaluation and essentially asks this Court to add another factor to MCL 712A.4(4) to allow a family court leeway to consider whether a juvenile received psychiatric services. The Legislature has the exclusive power to establish statutory law and this Court "cannot revise, amend, deconstruct, or ignore" a statute. *Cameron v Auto Club Ins Ass'n*, 476 Mich 55, 65-66; 718 NW2d 784 (2006).

Respondent next argues that the family court should have been required to exhaust or implement all available programming before waiving jurisdiction of respondent to the circuit court of general criminal jurisdiction. We disagree.

A family court is not required to exhaust all available programming before waving jurisdiction of a juvenile to the circuit court of general criminal jurisdiction. Instead, the court must evaluate whether the juvenile had an opportunity to meaningfully participate in programming and decide whether evidence establishes "that the juvenile is not amendable to treatment, or, that despite his potential for treatment, the nature of his difficulty is likely to render him dangerous to the public if he were to be released at the age of nineteen or twenty-one, or to disrupt the rehabilitation of the other children in the program prior to his release." *Whitfield*, 228 Mich App at 662. The law does not require that the family court must exhaust all available programming before it may find that a juvenile is likely to be dangerous to the public. The needs of every juvenile differ, so requiring exhaustion of all available programming defeats the purpose of allowing a family court to make specific and individualized findings about a juvenile's past willingness to participate in programming and the adequacy of available punishment or programming in the juvenile justice system as required by MCL 712A.4(4). Accordingly, a family court is not required to exhaust or implement all available programming before waiving jurisdiction of a juvenile to the circuit court of general criminal jurisdiction. The family court in this case, therefore, did not clearly err by not exhausting all available programming before waiving jurisdiction of respondent to the circuit court of general criminal jurisdiction. The record in this

case establishes that the court properly considered the factors specified in MCL 712A.4(4) when deciding to waive jurisdiction of respondent to the circuit court to be tried as an adult.

Affirmed.

/s/ Douglas B. Shapiro
/s/ James Robert Redford
/s/ Christopher P. Yates