*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* JONATHAN DAVID LANGSTON.

---

PEOPLE OF THE STATE OF MICHIGAN,

        Petitioner-Appellee,

v

JONATHAN DAVID LANGSTON,

        Respondent-Appellant.

UNPUBLISHED
March 12, 2025
10:45 AM

No. 369010
Berrien Circuit Court
Family Division
LC No. 2023-000418-DL

---

Before: N. P. HOOD, P.J., and BOONSTRA and FEENEY, JJ.

PER CURIAM.

Respondent, Jonathan David Langston, appeals as of right the trial court's order waiving jurisdiction over respondent to the circuit court of general criminal jurisdiction. A juvenile at the time of the alleged offenses, respondent was charged in a delinquency petition with second-degree criminal sexual conduct (CSC-II), MCL 750.520c(1)(a) (victim under 13 years old), and with accosting a child for immoral purposes, MCL 750.145a. At the Phase I hearing governed by MCL 712A.4(3) and MCR 3.950(D)(1), the trial court found that petitioner established probable cause that respondent committed offenses that would be felonies if committed by an adult. At the Phase II hearing governed by MCL 712A.4(4) and MCR 3.950(D)(2), the trial court found that the interests of the public and the juvenile would be served by granting a waiver of jurisdiction to the court of general criminal jurisdiction. We affirm.

## I. BASIC FACTS

In 2023, when respondent was 22 years old, the prosecution filed a petition in the family division against respondent, alleging the sexual assault of respondent's niece, AS, that occurred around 2015 when AS was about five years old and respondent was about 14 years old. The prosecutor then moved in the family division to waive jurisdiction to the circuit court for respondent to be tried as an adult.

-1-

At the Phase I hearing on the waiver, AS confirmed that she used to spend a lot of time at her grandparents' house where respondent lived. During that time, respondent did things that made her uncomfortable. He once exposed his penis to her and asked her to lick his penis in exchange for a princess clock, but she told him "no." Additionally, respondent touched her thighs and butt multiple times "for a year." AS confirmed that respondent did not touch her vagina, that he never penetrated her, and that he never threatened or physically harmed her. Nevertheless, she did not tell anyone about the touching because she was scared of him. AS finally told her school counselor, and then her parents, in February 2023. The trial court found AS to be "very credible" and determined that there was probable cause that the events happened and that respondent was the person who committed them.

At the Phase II hearing, the trial court reviewed the six factors required at that time for a waiver determination, pursuant to MCL 712A.4(4),[1] and found that the factors ultimately favored waiver, primarily because the family division had no programming for someone who was by then 23 years old.

Respondent now appeals.

## II. ANALYSIS

On appeal, respondent argues that it violates his constitutional right to due process to be treated as an adult for a crime that he allegedly committed as a juvenile, when the chief reason for treating him as an adult was that he aged out of any programming available in the juvenile court system. We disagree.

### A. STANDARD OF REVIEW

We review a trial court's decision on a motion to waive jurisdiction for an abuse of discretion. *People v Fultz*, 453 Mich 937, 937; 554 NW2d 725 (1996). A trial court abuses its discretion when it "chooses an outcome falling outside the range of principled outcomes." *People v Buie*, 491 Mich 294, 320; 817 NW2d 33 (2012). We review for clear error the trial court's findings of fact. *In re Bibi Guardianship*, 315 Mich App 323, 328; 890 NW2d 387 (2016). A "finding is clearly erroneous when a reviewing court is left with a definite and firm conviction that a mistake has been made, even if there is evidence to support the finding." *Id*. at 329 (quotation marks and citation omitted). We review constitutional questions de novo. *TM v MZ*, 326 Mich App 227, 236; 926 NW2d 900 (2018).

### B. WAIVER PROCESS

Generally, the family division of the circuit court has exclusive original jurisdiction over proceedings concerning any child under 18 years old who is accused of violating the law. MCL 712A.2(a)(1); *People v Thenghkam*, 240 Mich App 29, 36; 610 NW2d 571 (2000), abrogated on other grounds *People v Petty*, 469 Mich 108, 116-118; 665 NW2d 443 (2003). The trial court

---

[1] Effective October 1, 2024, the Legislature amended the waiver factors set forth in MCL 712A.4(4). 2023 PA 291.

may waive its jurisdiction over a child who is at least 14 years old, on motion of the prosecutor, if the alleged offense is a felony. MCL 712A.4(1); *Thenghkam*, 240 Mich App at 37.

To determine whether jurisdiction should be waived, the waiver hearing is conducted in two phases. MCL 712A.4(3) and (4); MCR 3.950(D); *People v Williams*, 245 Mich App 427, 432; 628 NW2d 80 (2001). In the first phase, the trial court determines whether there is probable cause that the juvenile committed the offense. MCL 712A.4(3); *Williams*, 245 Mich App at 432. In the second phase, the trial court determines "whether the best interests of the juvenile and the best interests of the public require a trial in the court of general jurisdiction rather than in the family court." *Williams*, 245 Mich App at 432, citing MCL 712A.4(4). See also MCR 3.950(D)(2); *People v Hana*, 443 Mich 202, 223; 504 NW2d 166 (1993). At the time of respondent's Phase II hearing in this case, "the Legislature ha[d] prescribed six criteria the family court must consider when making this best interests determination . . . ." *Williams*, 245 Mich App at 432, citing MCL 712A.4(4)(a) to (f). See also MCR 3.950(D)(2)(d)(*i*)-(*vi*). Specifically, MCL 712A.4(4) required the trial court to consider the following six factors before waiving jurisdiction over a juvenile:

> (a) The seriousness of the alleged offense in terms of community protection, including, but not limited to, the existence of any aggravating factors recognized by the sentencing guidelines, the use of a firearm or other dangerous weapon, and the impact on any victim.

> (b) The culpability of the juvenile in committing the alleged offense, including, but not limited to, the level of the juvenile's participation in planning and carrying out the offense and the existence of any aggravating or mitigating factors recognized by the sentencing guidelines.

> (c) The juvenile's prior record of delinquency including, but not limited to, any record of detention, any police record, any school record, or any other evidence indicating prior delinquent behavior.

> (d) The juvenile's programming history, including, but not limited to, the juvenile's past willingness to participate meaningfully in available programming.

> (e) The adequacy of the punishment or programming available in the juvenile justice system.

> (f) The dispositional options available for the juvenile. [1996 PA 409.]

The trial court must give "greater weight to the seriousness of the alleged offense and the juvenile's prior record of delinquency than to the other criteria[.]" MCL 712A.4(4). See *People v Whitfield (After Remand)*, 228 Mich App 659, 662 n 1; 579 NW2d 465 (1998). The petitioner bears the burden of establishing by a preponderance of the evidence that waiver would serve the best interests of the juvenile and the public. MCR 3.950(D)(2)(c).

## C. RESPONDENT'S ARGUMENTS

Respondent does not challenge the probable-cause determination from the Phase I hearing for the purposes of this appeal. But respondent challenges AS's testimony at the Phase I hearing regarding her age at the time of alleged abuse because her age helped establish respondent's age, and waiver requires that respondent was at least 14 years old at the time of the alleged offense. See MCL 712A.4(1). According to respondent, AS testified that she was possibly in preschool when the alleged abuse occurred, meaning that she was "*at most* four years old at the end of the one year time period when the events allegedly occurred, but she could have been younger." We do not find this argument persuasive.

First, on the basis of the testimony presented, it is not true that AS was "at most" four years old at the end of the one-year period of the abuse. AS testified that she thought that she was in preschool when the events occurred; however, she also testified that she was a year older than most of the children in her grade. Accepting as true respondent's implicit position that most children in preschool are four years old, AS would have been five years old at the time of the abuse, and respondent would have been about 14 years old given that he is a little more than nine years older than AS. Moreover, according to the testimony of a probation officer at the Phase II hearing, the police report indicated that respondent was about 14 years old at the time of this crime. Accordingly, the record supports that respondent was 14 years old, such that the waiver process under MCL 712A.4 was appropriate.

Turning next to the trial court's analysis of the six statutory criteria at the Phase II hearing, the trial court correctly noted that Factor (a), the seriousness of the offense, and Factor (c), prior record of delinquency, are given the most weight. The trial court, therefore, started by examining those two factors, apparently also combining Factor (c) with Factor (d), programming history, which is fitting in this case, given that Factors (c) and (d) are closely related and nonexistent for respondent.[2] When weighing the seriousness of the alleged offense against respondent's lack of criminal history, the trial court stated the following:

> I find that those two factors are relatively equal. There is no prior history for [respondent] and, um, this is a very serious offense. So [I] weighed those two factors and giving them the greatest amount of weight, essentially, they neutralize each other because, you know, it's a very serious offense but there's no—been no history.

Moreover, although respondent correctly argues that it was relevant to the seriousness of the crime that respondent was not alleged to have used a weapon, the law does not require a weapon for this factor to weigh in favor of waiver. See MCL 712A.4(4)(a). Therefore, despite the lack of a weapon in this case, the trial court did not clearly err by determining that this sex-based crime

---

[2] It was undisputed that respondent had no other prior record of juvenile delinquency at the time of the offense or adult criminal history since the offense. Similarly, it also was undisputed that respondent had no prior programming in the juvenile court system.

against a young child was "a very serious offense" that offset respondent's lack of prior record and related lack of prior programming.  See *In re Bibi Guardianship*, 315 Mich App at 329.

The trial court next evaluated Factor (b), respondent's culpability, and determined that he was culpable, on the basis that the court found AS's testimony at the Phase I hearing to be credible. AS testified that respondent abused her, and she was the only witness to provide a narrative regarding the alleged abuse.  Because we "defer to the special ability of the trial court to judge the credibility of witnesses," *In re LaFrance Minors*, 306 Mich App 713, 723; 858 NW2d 143 (2014), the trial court's finding regarding respondent's culpability on the basis of AS's credibility was not clearly erroneous.  See *In re Bibi Guardianship*, 315 Mich App at 329.  See also MCL 750.520h ("The testimony of a victim need not be corroborated in prosecutions under sections 520b to 520g.").

Next, the trial court discussed Factor (e), adequacy of the punishment or programming available, noting: "The adequacy of punishment in the juvenile system is probably its most detrimental factor to [respondent].  There is no more programming as a juvenile given the fact that he is an adult now and the juvenile system doesn't have adequate programming to give him . . . ." The trial court then addressed the final factor, Factor (f), dispositional options available, and determined that "the juvenile system doesn't have the disposition options for [respondent] given the fact that he is 23 years old."  On appeal, respondent does not dispute that there are no programming or dispositional options for him.  Therefore, the trial court fulfilled its mandate to consider all six specified criteria, and none of its findings create a definite and firm conviction that a mistake has been made.  *In re Bibi Guardianship*, 315 Mich App at 329.  See also MCL 712A.4(4); MCR 3.950(D)(2)(d).

That leaves respondent's arguments regarding due process—namely that the eight-year delay between when the incident allegedly occurred and when the prosecutor filed its petition resulting in respondent being treated as an adult rather than a juvenile—greatly impacting his due-process rights.  But,

> [m]ere delay between the time of the commission of an offense and arrest is not a denial of due process.  There is no constitutional right to be arrested.  Rather, the guideline is whether the record presents evidence of prejudice resulting from the delay which violates a defendant's right to procedural due process.  [*People v Patton*, 285 Mich App 229, 236; 775 NW2d 610 (2009) (quotation marks and citation omitted).]

Regarding prejudice, a defendant "must present evidence of actual and substantial prejudice, not mere speculation."  *People v Woolfolk*, 304 Mich App 450, 454; 848 NW2d 169 (2014). "Substantial prejudice is that which meaningfully impairs the defendant's ability to defend against the charge in such a manner that the outcome of the proceedings was likely affected."  *Patton*, 285 Mich App at 237.  Moreover, the defendant also must establish that the prosecutor used the delay to gain tactical advantage.  *Id.*

Respondent does not allege any such bad faith by the prosecution in this case.  Nor does respondent specifically refer to "prejudice."  Instead, his argument is that the delay—which was not his fault—caused him to age out of the juvenile system, which subjects him to the "harsher

treatment" of the adult system. This argument is not supported, however. Respondent acknowledges that a defendant does not have a constitutional right to be treated as a juvenile. *Hana*, 443 Mich at 220. Moreover, after a defendant is waived to an adult criminal court, the defendant "is still afforded a right to jury trial and the presumption of innocence, and he is therefore not truly subjected to a harsher penalty *because guilt is not yet established*." *Id.*[3]

Regarding the procedural process that respondent was due, that process has been established by statutes and court rules, namely MCL 712A.4 and MCR 3.950(D). It is true that the waiver procedures in MCL 712A.4 and MCR 3.950(D) do not seem to explicitly address a situation like the one in this case, in which a respondent commits a crime as a juvenile, but is not charged until he is an adult. Nevertheless, the proper procedure in such a case is for the prosecutor to file the charges in the family division and for the court to exercise its jurisdiction for the limited purpose of conducting the two-phase waiver process. *Seay*, 335 Mich App at 723-725; see also *id.* (LETICA, J., *concurring*) at 725-726. If the trial court finds probable cause, then the trial court must use the established criteria either to waive jurisdiction to allow the case to proceed in criminal court, or to retain jurisdiction. MCL 712A.4(4); *People v Schneider*, 119 Mich App 480, 487; 326 NW2d 416 (1982). If the trial court "declines to waive jurisdiction, the case shall be dismissed" when the individual reached adulthood prior to the commencement of criminal proceedings against him. *Schneider*, 119 Mich App at 487.[4]

In this case, respondent was subject to this exact procedure. Respondent's age at the time of the charges set up a dismiss-or-waive dichotomy, but this is the process established by the laws and cases discussed. Therefore, neither the reporting delay nor the subsequent waiver violated respondent's right to due process, and the trial court did not err by waiving its jurisdiction over respondent.

Affirmed.

/s/ Noah P. Hood
/s/ Mark T. Boonstra
/s/ Kathleen A. Feeney

---

[3] Although respondent argues that we should reverse *Hana*, we are required to follow *Hana* until the Michigan Supreme Court modifies or overrules its decision. *Mahaffey v Attorney General*, 222 Mich App 325, 339; 564 NW2d 104 (1997). We must follow a decision of the Supreme Court even if we believe that it has become obsolete, *State Treasurer v Sprague*, 284 Mich App 235, 242; 772 NW2d 452 (2009), and even if we anticipate that our Supreme Court will change the law, *People v Mitchell*, 428 Mich 364, 369-370; 408 NW2d 798 (1987). We take no position on whether *Hana* is obsolete or subject to change in the near future, however.

[4] MCL 712A.2a(5) authorizes the family division to exercise continuing jurisdiction over a juvenile within its jurisdiction until the juvenile reaches the age of 21. This continuing jurisdiction, however, requires that the juvenile first come within the family division's jurisdiction when under 18 years old, which did not occur here. See MCL 712A.2a(5); MCL 712A.2(a).