PEOPLE v WHITFIELD (AFTER REMAND)

Docket No. 155159. Submitted May 30, 1997, at Detroit. Decided March 17, 1998, at 9:15 A.M. Leave to appeal sought.

Robert L. Whitfield, a minor at the time of his offenses in 1992, following a waiver of jurisdiction by the Ingham County Probate Court, R. George Economy, J., was convicted by a jury in the Ingham Circuit Court, Michael G. Harrison, J., of first-degree murder, assault with intent to commit murder, and possession of a firearm during the commission of a felony. The defendant appealed. The Court of Appeals found that the defendant was denied effective assistance of counsel by his attorney's failure to appeal the probate court's decision to waive jurisdiction. The Court, while retaining jurisdiction, remanded the matter to allow the defendant to appeal in the circuit court the probate court's waiver decision. 214 Mich App 348 (1995). On remand, the circuit court, James R. Giddings, J., issued an opinion affirming the probate court's waiver decision.

After remand, the Court of Appeals *held*:

The probate court's findings regarding the statutory waiver criteria set forth in MCL 712A.4(4); MSA 27.3178(598.4)(4) were supported by substantial evidence on the record. The probate court's decision to waive jurisdiction was not the product of a mistake, an improper weighing of the statutory factors, or an erroneous view of the evidence. The waiver was appropriate under the circumstances, either because the defendant was not amenable to treatment in the juvenile system or, despite his amenability to some form of rehabilitation, the nature of his assaultive, violent behavior was likely to render him a danger to the public if he were to be released at the age of nineteen or twenty-one. The fact that the probate court may have accorded significant weight to the seriousness of the defendant's heinous offenses is not grounds for reversal. The statute directed the probate court to weigh the statutory criteria, including the seriousness of the offenses, "as appropriate to the circumstances."

Affirmed.

INFANTS — CRIMINAL LAW — WAIVER OF PROBATE COURT JURISDICTION.

A probate court deciding whether to waive jurisdiction over a minor accused of committing acts in 1992 the nature of which constitute

a felony must consider the six waiver criteria contained in MCL 712A.4(4); MSA 27.3178(598.4)(4) giving each weight as appropriate to the circumstances; the fact that the probate court accords significant weight to the seriousness of the offenses may be appropriate to the circumstances; the probate court's decision to waive jurisdiction will be affirmed on appeal where the probate court's findings, based on substantial evidence and a thorough investigation, show either that the juvenile is not amenable to treatment or that, despite the juvenile's potential for treatment, the nature of the juvenile's difficulty is likely to render the juvenile dangerous to the public if released at the age of nineteen or twenty-one, or to disrupt the rehabilitation of other children in the program before the juvenile's release.

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *Stuart J. Dunnings, III*, Prosecuting Attorney, and *Samuel R. Smith*, Chief of Appellate Division, for the people.

State Appellate Defender (by *Susan M. Meinberg*), for the defendant on appeal.

AFTER REMAND

Before: HOLBROOK, JR., P.J., and KELLY and D. J. KELLY*, JJ.

PER CURIAM. Defendant, a juvenile at the time of his offenses, was tried by a jury as an adult, convicted of first-degree murder, MCL 750.316; MSA 28.548, assault with intent to commit murder, MCL 750.83; MSA 28.278, and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2), and sentenced to life imprisonment without parole for the first-degree murder conviction, fifteen to fifty years' imprisonment for the assault with intent to commit murder conviction, and two years to be

---

* Circuit judge, sitting on the Court of Appeals by assignment.

served consecutively for the felony-firearm conviction. Defendant appealed as of right. In *People v Whitfield*, 214 Mich App 348, 354-355; 543 NW2d 347 (1995), we found that defendant was denied effective assistance of counsel by his attorney's failure to appeal the probate court's decision to waive jurisdiction pursuant to MCL 712A.4(4); MSA 27.3178(598.4)(4). As a remedy, we remanded this matter to allow defendant to appeal in the circuit court the probate court's waiver decision. We retained jurisdiction. The circuit court affirmed the probate court's waiver decision, and we do likewise.

When the probate court decided to waive its jurisdiction over defendant, MCL 712A.4(4); MSA 27.3178(598.4)(4) required it to consider six factors, "giving each weight as appropriate to the circumstances." These factors were:

> (a) The prior record and character of the child, his or her physical and mental maturity, and his or her pattern of living.
>
> (b) The seriousness of the offense.
>
> (c) Whether the offense is part of a repetitive pattern of offenses which would lead to 1 of the following determinations:
>
> (i) The child is not amenable to treatment.
>
> (ii) That despite the child's potential for treatment, the nature of the child's delinquent behavior is likely to disrupt the rehabilitation of other children in the treatment program.
>
> (d) Whether, despite the child's potential for treatment, the nature of the child's delinquent behavior is likely to render the child dangerous to the public if released at the age of 19 or 21.
>
> (e) Whether the child is more likely to be rehabilitated by the services and facilities available in adult programs and procedures than in juvenile programs and procedures.

(f) Whether it is in the best interests of the public welfare and the protection of the public security that the child stand trial as an adult offender. [MCL 712A.4(4); MSA 27.3178(598.4)(4).[1]]

We will affirm a probate court's waiver decision whenever the court's findings, based on substantial evidence and on thorough investigation, show either that the juvenile is not amenable to treatment, or, that despite his potential for treatment, the nature of his difficulty is likely to render him dangerous to the public if he were to be released at the age of nineteen or twenty-one, or to disrupt the rehabilitation of other children in the program before his release. *People v Dunbar*, 423 Mich 380, 387; 377 NW2d 262 (1985).

---

[1] Effective January 1, 1997, this statute was amended. 1996 PA 262. The new statute directs the probate court to consider six criteria when making its waiver decision, and requires the probate court to give "greater weight to the seriousness of the alleged offense and the juvenile's prior record of delinquency than to the other criteria." The new criteria are:

(a) The seriousness of the alleged offense in terms of community protection, including, but not limited to, the existence of any aggravating factors recognized by the sentencing guidelines, the use of a firearm or other dangerous weapon, and the impact on any victim.

(b) The culpability of the juvenile in committing the alleged offense, including, but not limited to, the level of the juvenile's participation in planning and carrying out the offense and the existence of any aggravating or mitigating factors recognized by the sentencing guidelines.

(c) The juvenile's prior record of delinquency including, but not limited to, any record of detention, any police record, any school record, or any other evidence indicating prior delinquent behavior.

(d) The juvenile's programming history, including, but not limited to, the juvenile's past willingness to participate meaningfully in available programming.

(e) The adequacy of the punishment or programming available in the juvenile justice system.

(f) The dispositional options available for the juvenile. [MCL 712A.4(4); MSA 27.3178(598.4)(4).]

Defendant argues that the probate court's findings regarding the statutory criteria were not supported by substantial evidence on the record. On review of the probate court's findings regarding each criteria, we reach a different conclusion than defendant and determine that the probate court's findings were supported by substantial evidence on the record. We affirm the probate court's decision to waive jurisdiction.

Concerning the first statutory criterion, the probate court found that defendant had only one prior informal contact with the juvenile system, but that his school record contained numerous instances of misconduct that evidenced a highly combative, assaultive character. Defendant had been disciplined on several occasions for acts of violence committed against fellow students. The probate court further found that defendant appeared more mature than his chronological age, but was emotionally immature. Defendant exhibited a poor pattern of living by repeatedly absenting himself from his parents' home for long periods without their permission and associating with negatively influential older persons. Further record evidence showed that defendant had committed a significant instance of misconduct at the juvenile home during his pretrial incarceration. We find ample evidence on the record to support the probate court's conclusions regarding the first waiver criterion, and we further agree with the probate court's determination that its findings regarding the first statutory factor militated in favor of waiving jurisdiction.

Next, regarding the second factor, the probate court found that defendant had been charged with "some of the most severe charges under the criminal

laws of the State of Michigan." Defendant does not, and indeed cannot, argue with the accuracy of this finding. However, he advances that the probate court ultimately accorded this finding preemptive weight in reaching its decision to waive jurisdiction, which is not permissible. *Dunbar, supra* at 396. We do not agree that the probate court engaged in an improper weighing of the statutory criteria. It is clear from the entire record that the probate court arrived at its waiver decision after full consideration and weighing of the statutory criteria set forth in MCL 712A.4(4); MSA 27.3178(598.4)(4). The fact that the probate court may have accorded *significant* weight to the seriousness of defendant's heinous offenses is not grounds for reversal, because it was directed to weigh the statutory factors "as appropriate to the circumstances." We simply do not require the probate court to give a neutral gloss to defendant's despicable acts where such neutrality was not required by the statute governing the waiver decision, and we further agree with the probate court that the seriousness of defendant's offenses weighed heavily in favor of waiver.

With regard to the fourth statutory factor,[2] the probate court found that despite defendant's amenability to treatment, the nature of his delinquent behavior was likely to render him a danger to the public if he were released from juvenile detention at the ages of nineteen or twenty-one. Substantial record evidence supported this finding. Three witnesses associated with the juvenile justice system opined that, in light of his marked behavioral difficulties, defendant would

---

[2] Defendant does not disagree with the probate court's findings regarding the third criterion.

not receive adequate treatment in a juvenile facility by the time of his inevitable departure and would therefore pose a threat to public safety on his release. We find no basis on which to disturb these findings and agree with the probate court's conclusion that they favored waiver.

Next, the probate court found that the fifth statutory factor, which considers whether the juvenile would more likely be rehabilitated by the services and facilities available in adult programs than in juvenile programs, weighed in favor of waiver. Particularly, Jean Hoffman, the supervisor of Ingham County Social Services, testified that a juvenile of defendant's age and behavioral disposition was not likely to be redeemed by the treatment method used in the juvenile system, especially because defendant would spend relatively little time in juvenile incarceration. The probate court's findings regarding factor five were supported on the record.

Lastly, the probate court found that the best interests of the public welfare and security dictated that defendant stand trial as an adult. In light of the nature of defendant's offenses, his past behavioral problems, his continuing antisocial behavior, and the near inevitable failure of his treatment in the juvenile system, there is simply no basis on which to refute this finding.

After thoroughly reviewing the probate court's findings, we are not persuaded that its decision to waive jurisdiction over defendant was the product of mistake, an improper weighing of the statutory factors, or an erroneous view of the evidence presented at the waiver hearing. We believe that waiver was appropriate under the circumstances, either because defend-

ant was not amenable to treatment in the juvenile system or, despite his amenability to some form of rehabilitation, the nature of his assaultive, violent behavior was likely to render him a danger to the public if he were to be released at the age of nineteen or twenty-one.

Affirmed.