# STATE OF MICHIGAN

# COURT OF APPEALS

---

*In re* CHARLES EDWARDS, Minor.

---

PEOPLE OF THE STATE OF MICHIGAN,

        Petitioner-Appellee,

v

CHARLES EDWARDS,

        Respondent-Appellant.

UNPUBLISHED
April 21, 2015

No. 319601
Cass Circuit Court
Family Division
LC No. 13-000122-DL

---

Before: METER, P.J., and SAWYER and BOONSTRA, JJ.

PER CURIAM.

Respondent, a juvenile at the time of the alleged offenses, was charged with first-degree home invasion, MCL 750.110a(2), second-degree home invasion, MCL 750.110a(3), and larceny in a building, MCL 750.360. On November 4, 2013, the juvenile court[1] waived jurisdiction to the circuit court of general criminal jurisdiction, pursuant to MCL 712A.4(4). Respondent appeals by right from the court's waiver. We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

On October 3, 2013, respondent allegedly broke into a residence on Green Street in Dowagiac and stole cash and various electronic devices. Police arrested respondent that day. According to Officer James Kusa, respondent admitted during an interview that he was responsible for the incident on Green Street. Kusa asked respondent if he was involved in a prior home invasion on Willard Street in Dowagiac. Respondent denied being involved in that home invasion. However, laboratory results regarding fingerprints from the scene of the crime on Willard Street connected respondent with that home invasion. On October 3, 2013, respondent

---

[1] The "juvenile court" is the family division of the circuit court, and it ordinarily exercises jurisdiction over individuals who are age 17 or younger. MCL 712A.2(a)(1); *People v Thenghkam*, 240 Mich App 29, 36; 610 NW2d 571 (2000), abrogated on other grounds *People v Petty*, 469 Mich 108, 116-118; 665 NW2d 443 (2003).

was charged as a juvenile with first-degree home invasion and larceny in a building for the incident on Green Street. On October 22, 2013, respondent was charged as a juvenile with second-degree home invasion for the incident on Willard Street.

The prosecution moved the juvenile court to waive jurisdiction regarding both prosecutions. Respondent waived the first phase of the waiver hearing.[2] The court then determined that the best interests of respondent and the public required a trial in a court of general jurisdiction rather than a family court. See *People v Williams*, 245 Mich App 427, 432; 628 NW2d 80 (2001); MCL 712A.4(4)(a)-(f).

In determining whether to grant the prosecution's motions for waiver, the court stated that it would give greater weight to the seriousness of the alleged offenses and respondent's prior record than to any other criteria. The court first considered the seriousness of the alleged offenses. It stated that home invasion is a very serious offense that terrifies the community and "demands high community protection." The court stated that home invasion is not a victimless crime; rather, it is a crime where victims are often harmed. Home invasion can lead to instances where victims are physically harmed. Next, the court considered respondent's culpability in committing the alleged offenses. Finding that respondent showed a pattern of committing home invasions, it stated that culpability was at a high level in this case.

Next, the court considered respondent's prior record of delinquency and evidence of delinquent behavior. The court noted that respondent's previous discharge from probation was unsuccessful. Respondent had been placed on juvenile probation in Kalamazoo after pleading guilty to possession of marijuana and disturbing the peace. During his probation period, respondent tested positive for marijuana, failed to attend probation hearings, failed to complete community service, and failed to pay his required costs and fees. Respondent had also been placed in juvenile detention in Kalamazoo after violating his juvenile probation and pleading guilty to a charge of illegal entry, and was again detained after his release for home invasion. Respondent committed misconduct while in detention. The court also noted that respondent was frequently truant from school, showed an unwillingness to participate in rehabilitative programs and had no help from his family.

Next, the court considered the adequacy of the punishment or programming available in the juvenile justice system. The court opined that punishment in the adult justice system is often more lenient than in the juvenile system. However, because the psychologist who examined respondent testified that respondent needed a structured environment beyond what the juvenile system offered, the court determined that this factor weighed in favor of granting the prosecution's motions. Finally, the court stated that dispositional options available to respondent were waiver or placement in the juvenile court system.

---

[2] The first phase relates to determining whether there is probable cause to believe that an offense has been committed that, if committed by an adult, would be a felony, and whether there is probable cause to believe that the defendant committed the offense. See MCL 712A.4(3).

On November 14, 2013, the court granted the prosecution's motion. This appeal followed.

## II. WAIVER OF JURISDICTION

Defendant first argues that the court erred in finding that waiver of jurisdiction was appropriate. This Court will affirm a trial court's grant of a motion for waiver when the trial court's findings,

> based on substantial evidence and on thorough investigation, show either that the juvenile is not amenable to treatment, or, that despite his potential for treatment, the nature of his difficulty is likely to render him dangerous to the public if he were to be released at the age of nineteen or twenty-one, or to disrupt the rehabilitation of the other children in the program prior to his release. [*People v Whitfield (After Remand)*, 228 Mich App 659, 662; 579 NW2d 465 (1998), citing *People v Dunbar*, 423 Mich 380, 387; 377 NW2d 262 (1985).]

The family division of the circuit court ordinarily exercises jurisdiction over individuals who are 17 years old and younger, and possesses the authority to adjudicate and sentence such persons who have committed a crime. See MCL 600.606; MCL 712A.2(a)(1); MCL 712A.1(2), (3); *People v Thenghkam*, 240 Mich App 29, 36; 610 NW2d 571 (2000), abrogated on other grounds *People v Petty*, 469 Mich 108, 116-118; 665 NW2d 443 (2003). However, if an individual is over the age of 14 "when charged with conduct amounting to a felony had the minor been an adult, the prosecutor has the discretion to ask the family court to waive its jurisdiction over the juvenile." *Thenghkam*, 240 Mich App at 36, citing MCL 712A.4(1).

To determine whether jurisdiction should be waived, there generally must be a two-phase waiver hearing. *Williams*, 245 Mich App at 432. However, as occurred in this case, a respondent may waive the first phase of the hearing pursuant to MCL 712A.4(4). The second phase of the waiver hearing requires the trial court "to determine whether the best interests of the juvenile and the best interests of the public require a trial in the court of general jurisdiction rather than in the family court." *Williams*, 245 Mich App at 432. "[T]he Legislature has prescribed six criteria the [trial] court must consider when making this best interests determination . . . ." *Id.*, citing MCL 712A.4(a)-(f). As of January 1, 1997, the trial court must give "greater weight to the seriousness of the alleged offense and the juvenile's prior record of delinquency than to the other criteria." MCL 712A.4(4); *Whitfield*, 228 Mich App at 662 n 1.

Respondent was over the age of 14 when he was charged, and, the charged offenses would amount to felonies if committed by an adult. MCL 750.110a(5); MCL 750.360; MCL 750.110a(6). Therefore, the prosecution had discretion to move the court to waive jurisdiction to the circuit court of general jurisdiction. *Thenghkam*, 240 Mich App at 36. Because respondent waived the first phase of his waiver hearing, the sole issue before the court was whether respondent's best interests and the community's best interests required the waiver. *Williams*, 245 Mich App at 432.

In arguing that the court erred in waiving jurisdiction to the circuit court of general criminal jurisdiction, respondent addresses four of the six factors articulated in MCL 712A.4, which provides:

(4) Upon a showing of probable cause under [MCL 712A.4(3)] [describing first phase of waiver hearing], the court shall conduct a hearing to determine if the best interests of the juvenile and the public would be served by granting a waiver of jurisdiction to the court of general criminal jurisdiction. In making its determination, the court shall consider all of the following criteria, giving greater weight to the seriousness of the alleged offense and the juvenile's prior record of delinquency than to the other criteria:

(a) The seriousness of the alleged offense in terms of community protection, including, but not limited to, the existence of any aggravating factors recognized by the sentencing guidelines, the use of a firearm or other dangerous weapon, and the impact on any victim.

(b) The culpability of the juvenile in committing the alleged offense, including, but not limited to, the level of the juvenile's participation in planning and carrying out the offense and the existence of any aggravating or mitigating factors recognized by the sentencing guidelines.

(c) The juvenile's prior record of delinquency including, but not limited to, any record of detention, any police record, any school record, or any other evidence indicating prior delinquent behavior.

(d) The juvenile's programming history, including, but not limited to, the juvenile's past willingness to participate meaningfully in available programming.

(e) The adequacy of the punishment or programming available in the juvenile justice system.

(f) The dispositional options available for the juvenile.

Respondent contends that the court erred in its findings with respect to MCL 712A.4(4)(a), (c), (d), and (e). We find no error in the trial court's findings. Regarding MCL 712A.4(4)(a), the court found that home invasion is a very serious offense that terrifies the community and demands a high degree of community protection, that home invasion could lead to instances of physical harm to victims, and that respondent showed a pattern of committing home invasions. These findings were supported by the record, and the court did not err when it concluded that the seriousness of respondent's alleged offenses weighed in favor of waiver, despite the fact that no one was harmed during respondent's alleged offenses. See *People v Fowler*, 193 Mich App 358, 364; 483 NW2d 626 (1992).

Regarding MCL 712A.4(4)(c), the court found that respondent's prior discharge from probation was unsuccessful and that respondent was frequently truant from school, served time in juvenile detention and had infractions while there, and failed to attend probation hearings. These findings were also supported by facts on the record, and the court did not err when it

concluded that respondent's prior record weighed in favor of waiver, despite respondent's limited prior contact with the juvenile system. *Whitfield*, 228 Mich App at 663.

Regarding MCL 712A.4(4)(d), the court found that respondent showed unwillingness to participate in rehabilitative programs and had little help from his family. This was supported by facts on the record, and the court did not err when it concluded that respondent's programming history weighed in favor of waiver. *People v Dunbar*, 423 Mich 380, 387; 377 NW2d 262 (1985). While respondent appears to argue that the finding was based on a fact not supported by the record, he cites no law and provides no analysis supporting this argument. It is abandoned. *People v Kevorkian*, 248 Mich App 373, 389; 639 NW2d 291 (2001). Moreover, the court did not err in determining that MCL 712A.4(4)(d) weighed in favor of waiver because the evidence showed that respondent was "not amenable to treatment, or, that despite his potential for treatment, the nature of his difficulty [wa]s likely to render him dangerous to the public if he were to be released at the age of nineteen or twenty-one . . . ." *Whitfield*, 228 Mich App at 662, citing *Dunbar*, 423 Mich at 387.

Regarding MCL 712A.4(4)(e), the court found that respondent needed a structured environment beyond what the juvenile system offered. This was supported by facts on the record, and the court did not err when it concluded that the adequacy of the punishment or programming available in the juvenile justice system weighed in favor of waiver. *Whitfield*, 228 Mich App at 665.

In addition to his arguments regarding these factors, respondent contends that he was unfairly prejudiced at the waiver hearing by the expert testimony of the psychologist who examined him. Respondent did not object to this testimony during the hearing; we therefore review this claim for plain error. *People v Cameron*, 291 Mich App 599, 617; 806 NW2d 371 (2011) (citation omitted); *People v Carines*, 460 Mich 750, 764; 597 NW2d 130 (1999). Specifically, respondent argues that during the evaluation he was not aware of who the psychologist was or what the evaluation would be used for, and that he therefore withheld critical information. However, the psychologist testified that he informed respondent of the evaluation's purpose and of the fact that the evaluation would be sent to the court. Respondent has not established a factual predicate for his claim. *People v Elston*, 462 Mich 751, 762; 614 NW2d 595 (2000). Further, even if the admission of the psychologist's testimony was plain error, respondent makes no attempt to show that the error affected the outcome of the lower court proceedings. *Carines*, 460 Mich at 763-764.

In sum, substantial evidence and a thorough investigation show that respondent was "not amenable to treatment, or, that despite his potential for treatment, the nature of his difficulty [wa]s likely to render him dangerous to the public if he were to be released at the age of nineteen or twenty-one . . . ." *Whitfield*, 228 Mich App at 662, citing *Dunbar*, 423 Mich at 387. The court did not err in granting the prosecution's motions to waive jurisdiction. *Id*.

### III. INEFFECTIVE ASSISTANCE OF COUNSEL

Next, respondent argues that he received ineffective assistance of counsel at the waiver hearing. We disagree. To prove that counsel was ineffective, respondent must first show that counsel's performance fell "below an objective standard of reasonableness." *Strickland v*

*Washington*, 466 US 668, 688; 104 S Ct 2052; 80 L Ed 2d 674 (1984). Second, respondent must show that "the deficient performance prejudiced the defense." *People v LeBlanc*, 465 Mich 575, 578; 640 NW2d 246 (2002) (quotation marks omitted). "To establish prejudice, he must show a reasonable probability that the outcome would have been different but for counsel's errors." *People v Grant*, 470 Mich 477, 486; 684 NW2d 686 (2004). There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." *Id*. (quotation marks omitted). Respondent must "overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id*. (quotation marks omitted).

Respondent argues ineffective assistance of counsel on the following grounds: counsel failed to argue regarding respondent's and the community's best interests; counsel failed to interview respondent regarding respondent's probation; counsel failed to inform respondent of the purpose of his psychological evaluation; counsel failed to interview respondent's friends and relatives regarding respondent's social development; counsel failed to move to quash respondent's statements to police because respondent was not read his *Miranda*[3] rights; counsel failed to inform respondent of the consequences of waiving his first phase hearings; counsel failed to investigate respondent's past; counsel failed to give respondent the opportunity to challenge witnesses who lied at the waiver hearing; counsel failed to return telephone calls from respondent's mother; counsel visited respondent only once; and counsel failed to order an independent psychological evaluation. However, there are no facts on the record supporting any of these arguments. Therefore, respondent has not established the factual predicates required to sustain his assorted claims of ineffective assistance of counsel on these grounds. *People v Hoag*, 460 Mich 1, 6; 594 NW2d 57 (1999). Moreover, respondent has made no attempt to show that counsel's performance fell below an objective standard of reasonableness, and that but for counsel's conduct, there is "a reasonable probability that the outcome would have been different." *Grant*, 470 Mich at 486.

Finally, respondent argues that his counsel was ineffective for failing to call witnesses to rebut testimony from his former probation officer and the psychologist who evaluated him. An attorney's decisions regarding whether to call witnesses are presumed to be matters of trial strategy, and this Court will not second-guess an attorney's decisions regarding trial strategy. *People v Horn*, 279 Mich App 31, 39; 755 NW2d 212 (2008). The failure to call witnesses constitutes ineffective assistance of counsel only where "the failure deprives the defendant of a substantial defense." *People v Hyland*, 212 Mich App 701, 710; 538 NW2d 465 (1995), vacated on other grounds 453 Mich 902 (1996). "A defense is substantial if it might have made a difference in the outcome of the trial." *Id*. Although respondent argues that his mother could have rebutted the testimony of the probation officer, he makes no offer of proof in this regard; nor has he identified an expert who would have testified in rebuttal of the psychologist's testimony. Respondent has not indicated the substance of the potential testimony of any uncalled witness or how such testimony would have made a difference in the outcome of the trial court proceedings. Therefore, counsel's decision not to call witnesses is presumed to be trial strategy,

---

[3] *Miranda v Arizona*, 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966).

*Horn*, 279 Mich App at 39, and we cannot conclude that respondent was denied a substantial defense, *Hyland*, 212 Mich App at 711.

Affirmed.

/s/ Patrick M. Meter
/s/ David H. Sawyer
/s/ Mark T. Boonstra