# STATE OF MICHIGAN

# COURT OF APPEALS

---

*In re* THOMAS LEE COLLINS.

---

PEOPLE OF THE STATE OF MICHIGAN,

        Petitioner-Appellee,

v

THOMAS LEE COLLINS,

        Respondent-Appellant.

UNPUBLISHED
February 20, 2018

No. 337855
Berrien Circuit Court
Family Division
LC No. 2016-000437-DL

---

Before: MARKEY, P.J., and M. J. KELLY and CAMERON, JJ.

PER CURIAM.

Respondent, Thomas Lee Collins, appeals as of right the March 23, 2017 order of the Berrien Circuit Court Family Division waiving jurisdiction in the family division and transferring the matter to the criminal division of the Berrien Circuit Court. We affirm.

This case arises from allegations that respondent sexually assaulted his cousin. The proceedings in this matter were initiated through a delinquency petition in the family division of the circuit court that was submitted on September 22, 2016, and authorized on October 6, 2016. Respondent was charged with one count of first-degree criminal sexual conduct involving a person under 13, MCL 750.520b(1)(a) (CSC-I), and one count of second-degree criminal sexual conduct involving a person under 13, MCL 750.520c(1)(a) (CSC-II), for offenses alleged to have occurred between December 28, 2010, and December 2013. Respondent, born on December 28, 1996, was 19 years old when the prosecution filed the delinquency petition. The prosecution moved the family division of circuit court to waive jurisdiction and have respondent's case transferred to the criminal division. The family court granted the prosecution's motion, and this appeal followed.

## I. PREARREST DELAY

Respondent first argues that he was prejudiced as a result of an unjustified and unnecessary delay in arresting him on the delinquency petition because it resulted in him being treated as an adult rather than a juvenile. We disagree. "A challenge to a prearrest delay

-1-

implicates constitutional due process rights, which this Court reviews de novo." *People v Cain*, 238 Mich App 95, 108; 605 NW2d 28 (1999); see also *People v Patton*, 285 Mich App 229, 236; 775 NW2d 610 (2009).

"A prearrest delay that causes substantial prejudice to a defendant's right to a fair trial and that was used to gain tactical advantage violates the constitutional right to due process." *People v Woolfolk*, 304 Mich App 450, 454; 848 NW2d 169 (2014); see also *United States v Marion*, 404 US 307, 324; 92 S Ct 455; 30 L Ed 2d 468 (1971). A defendant "must present evidence of actual and substantial prejudice, not mere speculation." *Woolfolk*, 304 Mich App at 454. "Substantial prejudice is that which meaningfully impairs the defendant's ability to defend against the charge in such a manner that the outcome of the proceedings was likely affected," and "[a]ctual and substantial prejudice requires more than generalized allegations." *Patton*, 285 Mich App at 237 (quotation marks and citation omitted). "If a defendant demonstrates prejudice, the prosecution must then persuade the court that the reason for the delay sufficiently justified whatever prejudice resulted." *Id.*

> Mere delay between the time of the commission of an offense and arrest is not a denial of due process. There is no constitutional right to be arrested. Rather, the guideline is whether the record presents evidence of prejudice resulting from the delay which violates a defendant's right to procedural due process. [*Id.* at 236 (quotation marks and citation omitted).]

Respondent contends that the delay between the 2014 police investigation and his being charged in 2016 prejudiced him by subjecting him to being treated as an adult rather than a juvenile with respect to these charges. This argument is unavailing.

The family division of circuit court has jurisdiction over a juvenile between the ages of 14 and 17 who has been charged with certain offenses that include CSC-I and CSC-II and for whom the prosecuting attorney has filed a petition. MCL 712A.2(a)(1)(A) and (a)(1)(I). The family division does *not* have jurisdiction over a juvenile who has reached the age of 18 unless certain procedures are followed for extending the family division's jurisdiction. MCL 712A.5; MCL 712A.2a. Specifically, if the family division has exercised jurisdiction over a juvenile based on an offense that would constitute CSC-I or CSC-II if committed by an adult, then the family court's jurisdiction may be continued *until the juvenile reaches the age of 21* if a review hearing is held *before the juvenile's 19th birthday*. MCL 712A.2a(5); MCL 712A.18d(1) and (3).

In accord with the jurisdiction conferred by statute on the family division of circuit court, MCL 712A.3(1) provides:

> If during the pendency of a criminal charge against a person in any other court it is ascertained that *the person was under the age of 17 at the time of the commission of the offense*, the other court shall transfer the case without delay, together with all the papers, documents, and testimony connected with that case, to the family division of the circuit court of the county in which the other court is situated or in which the person resides. [Emphasis added.]

However, the prosecuting attorney is permitted under MCL 712A.4 to move the family division to waive its jurisdiction if a juvenile over the age of 14 is accused of committing an offense that would be a felony if committed by an adult. MCL 712A.4(1) provides:

> If a juvenile 14 years of age or older is accused of an act that if committed by an adult would be a felony,[1] the judge of the family division of circuit court in the county in which the offense is alleged to have been committed may waive jurisdiction under this section upon motion of the prosecuting attorney. After waiver, the juvenile may be tried in the court having general criminal jurisdiction of the offense.

Respondent was 19 years old when the petition was filed on September 22, 2016, and the petition alleged that the offenses occurred between December 28, 2010 and December 2013. Thus, although he was a juvenile at the time he was alleged to have committed the charged offense, respondent was no longer a juvenile for purposes of MCL 712A.2(a)(1) at the time he was charged. If the charges had been brought in the circuit court while respondent was a juvenile, he would have been transferred to the family division pursuant to MCL 712A.3(1).

In *People v Schneider*, 119 Mich App 480, 486-487; 326 NW2d 416 (1982), this Court held that

> where a case is transferred to the probate court[2] pursuant to MCL 712A.3, the probate court shall have jurisdiction without regard to the defendant's age at the time of transfer. However, such jurisdiction shall be for the limited purpose of holding a waiver hearing pursuant to MCL 712A.4. Pursuant to the procedures set forth in the statute, the probate court may waive jurisdiction to the court having general criminal jurisdiction over the charged offense. If the probate court declines to waive jurisdiction, the case shall be dismissed.

Respondent's argument is founded on the faulty premise that he is absolutely entitled to be treated as a juvenile rather than as an adult merely because the offenses were alleged to have occurred while he was still a juvenile. However, the Michigan Supreme Court has explained:

> In cases where a juvenile is waived to an adult criminal court, the juvenile is still afforded a right to jury trial and the presumption of innocence, and he is therefore not truly subjected to a harsher penalty *because guilt is not yet established.* Moreover, we are unaware of a constitutional right to be treated as a juvenile.

---

[1] MCL 712A.4(11) provides that "[a]s used in this section, 'felony' means an offense punishable by imprisonment for more than 1 year or an offense designated by law as a felony." CSC-I and CSC-II are both designated as felonies. MCL 750.520b(2); MCL 750.520c(2).

[2] The former version of MCL 712A.3, amended in 1996, read that the transfer would be to the juvenile division of the probate court, rather than to the family division of the circuit court. See MCL 712A.3, as amended by 1996 PA 409.

> Rather, and in derogation of the common law, juvenile justice procedures are governed by statutes and court rules that the probate courts are required to follow in the absence of constitutional infirmity. [*People v Hana*, 443 Mich 202, 220; 504 NW2d 166 (1993).]

Here, there is no evidence that respondent suffered any prejudice, and respondent therefore has failed to meet the first prong of the test for showing a due process violation based on a prearrest delay in prosecution. The family court determined that jurisdiction should be waived pursuant to MCL 712A.4. "[T]he family court retains the discretion to make the ultimate decision whether to waive jurisdiction over the juvenile." *People v Williams*, 245 Mich App 427, 432; 628 NW2d 80 (2001). Because respondent had no right to remain under the family court's jurisdiction and be treated as a juvenile, respondent has not shown that he was prejudiced by any delay in the filing of charges or the subsequent waiver to the adult criminal court where he will still have a right to a trial and the presumption of innocence. *Hana*, 443 Mich at 219-220. Because respondent has not presented any evidence of actual or substantial prejudice to his right to a fair trial, respondent's right to due process was not violated. *Woolfolk*, 304 Mich App at 454.

Respondent further contends that there was evidence that the prosecution delayed filing the petition until respondent was no longer a juvenile. This argument fails. There is no evidence that any delay was the result of an attempt to gain a tactical advantage or that there was any improper conduct on the part of the police or prosecution in this case. The record evidence shows that in 2014, the complainant was interviewed and did not make any disclosures of sexual assault. In 2016, the complainant disclosed past incidents of respondent's sexual assault against her, and authorities conducted a further investigation into those allegations. It is hardly surprising that charges were not filed in 2014 against respondent for misconduct that the complainant denied having ever occurred. As this Court has recognized, "[i]t is appropriate for a prosecuting attorney to wait for the collection of sufficient evidence before charging a suspect . . . ." *Woolfolk*, 304 Mich App at 456. "[P]rosecut[ing] a defendant following *investigative* delay does not deprive him of due process, even if his defense might have been somewhat prejudiced by the lapse of time." *People v Adams*, 232 Mich App 128, 140; 591 NW2d 44 (1998) (quotation marks and citation omitted; emphasis added). Respondent's argument also ignores the fact that respondent was already 17 when the 2014 investigation began and that the prosecution could seek a waiver for a juvenile accused of committing CSC as long as the juvenile is at least 14 years old. MCL 712A.4(1) and (11). There is no evidence in the record that the prosecution delayed charging respondent in order to gain a tactical advantage. *Woolfolk*, 304 Mich App at 454. And because respondent did not demonstrate that he was prejudiced, the prosecution did not have any burden of persuasion regarding the sufficiency of the reasons for the delay. *Patton*, 285 Mich App at 237.[3]

---

[3] Respondent's reliance on cases from other states to support his argument that this Court should reach a different conclusion than the one clearly called for by Michigan statutes and caselaw is unavailing because "out-of-state cases do not constitute binding authority on this Court." *People v Brown*, 239 Mich App 735, 740 n 4; 610 NW2d 234 (2000).

## II. WAIVER OF PHASE I HEARING

Next respondent argues that the family court erred by denying his motion to set aside his waiver of the phase I hearing on the grounds that (1) he was denied the effective assistance of counsel at the waiver hearing, and (2) was subjected to prosecutorial vindictiveness. We disagree.

Because these issues were raised in the family court before respondent entered a plea to the information or had a trial and an evidentiary hearing was held addressing respondent's ineffective assistance of counsel claims, they are preserved for appellate review. *People v Tate*, 315 Mich 76, 80; 23 NW2d 211 (1946); *People v Metamora Water Serv, Inc*, 276 Mich App 376, 382; 741 NW2d 61 (2007); *People v Sabin (On Second Remand)*, 242 Mich App 656, 658; 620 NW2d 19 (2000).

A lower court's decision on whether to permit a defendant to withdraw his earlier waiver of the preliminary examination is reviewed for an abuse of discretion. *People v Skowronek*, 57 Mich App 110, 115; 226 NW2d 74 (1974). "A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes." *People v Waterstone*, 296 Mich App 121, 131-132; 818 NW2d 432 (2012).

"A claim of ineffective assistance of counsel presents a mixed question of fact and constitutional law." *People v Unger*, 278 Mich App 210, 242; 749 NW2d 272 (2008). "A judge first must find the facts, and then must decide whether those facts constitute a violation of the defendant's constitutional right to effective assistance of counsel." *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002). Factual findings are reviewed for clear error, and questions of constitutional law are reviewed de novo. *Unger*, 278 Mich App at 242. "A finding is clearly erroneous when, although there is evidence to support it, the reviewing court, on the whole record, is left with the definite and firm conviction that a mistake has been made." *People v Dendel*, 481 Mich 114, 130; 748 NW2d 859 (2008), amended 481 Mich 1201 (2008) (quotation marks and citation omitted).

A claim of prosecutorial vindictiveness implicates due process. *People v Laws*, 218 Mich App 447, 452; 554 NW2d 586 (1996). "This Court reviews de novo a defendant's claim of a constitutional due-process violation." *People v Henry (After Remand)*, 305 Mich App 127, 156; 854 NW2d 114 (2014) (quotation marks and citation omitted).

Under MCL 712A.4(3) and (4), the proceedings for waiving family court jurisdiction are ordinarily conducted in two phases, with phase I requiring a probable cause determination and phase II requiring "the family court to determine whether the best interests of the juvenile and the best interests of the public require a trial in the court of general jurisdiction rather than in the family court." *Williams*, 245 Mich App at 432; see also MCR 3.950(D) (describing the procedure for conducting the two phases of the waiver hearing). MCL 712A.4 provides in pertinent part:

> (3) Before the court waives jurisdiction, the court shall determine on the record if there is probable cause to believe that an offense has been committed that if committed by an adult would be a felony and if there is probable cause to

believe that the juvenile committed the offense. Before a juvenile may waive a probable cause hearing under this subsection, the court shall inform the juvenile that a waiver of this subsection waives the preliminary examination required by . . . sections 766.1 to 766.18 of the Michigan Compiled Laws.

(4) Upon a showing of probable cause under subsection (3), the court shall conduct a hearing to determine if the best interests of the juvenile and the public would be served by granting a waiver of jurisdiction to the court of general criminal jurisdiction.

The determination of probable cause in phase I under MCL 712A.4(3) "satisfies the requirements of, and is the equivalent of, the preliminary examination required by chapter VI of Act No. 175 of the Public Acts of 1927." MCL 712A.4(10).

As previously noted, the phase I hearing may be waived. MCL 712A.4(3); MCR 3.950(D)(1)(c)(ii). The requirements for a valid waiver are contained in MCR 3.950(D)(1)(c)(ii), which provides:

(c) The court need not conduct the first phase of the waiver hearing, if:

* * *

(ii) the juvenile, after being informed by the court on the record that the probable cause hearing is equivalent to and held in place of preliminary examination in district court, waives the hearing. The court must determine that the waiver of hearing is freely, voluntarily, and understandingly given and that the juvenile knows there will be no preliminary examination in district court if the court waives jurisdiction.

In this case, respondent first argues that his waiver of the phase I hearing was invalid because he received ineffective assistance of counsel in connection with the waiver. Respondent centers his argument on the claim that his trial counsel's advice caused him to believe that if he did not waive the phase I hearing, then the complainant's recorded testimony from the phase I hearing would be played at trial and the complainant would not be required to testify at trial. To establish his claim, respondent must show that his counsel's advice concerning the phase I hearing was deficient and that there is a reasonable probability that but for the deficient advice, the result of the proceeding would have been different. *People v Carbin*, 463 Mich 590, 599-600; 623 NW2d 884 (2001). Respondent cannot make either showing.

The right to counsel extends to juvenile delinquency proceedings. See MCL 712A.17c(1). A juvenile may be denied the effective assistance of counsel in connection with a proceeding to waive jurisdiction and transfer the matter to the adult criminal court. See *People v Whitfield*, 214 Mich App 348, 353; 543 NW2d 347 (1995).

In this case, respondent's trial counsel, Brendan Neal, testified at the evidentiary hearing that before the waiver hearing, he and respondent discussed the police report and CAC report, went over the facts of the case, discussed the charges, and discussed the possible penalty. Neal

further testified that he did not tell respondent to waive the phase I hearing in order to protect his right to have the complainant testify at trial, although he and respondent may have discussed "the circumstances under which a victim's testimony may be excused at trial" and what would happen if the victim became unavailable to testify. Additionally, Neal testified that he never told respondent that waiving the phase I hearing would ensure that the complainant would testify at trial, and he never told respondent that the complainant would not have to testify at trial if respondent went forward with the phase I hearing. Neal explained during his testimony that the issue of the complainant not showing up for trial was a hypothetical posed by respondent, and he indicated that in that situation, there would not be any preserved testimony from the complainant. Neal also testified that he explained to respondent how the phase I and phase II waiver proceedings worked, that the complainant would likely have to testify at trial, and that there was risk in going forward with the phase I hearing and risk in waiving it. Neal told respondent that he would have the benefit of the possibility of a plea offer if he waived the phase I hearing and was subsequently waived to adult court, that the prosecution would not make a plea offer if respondent went forward with the hearing, and that his opinion was that it was in respondent's best interest to waive the phase I hearing. According to Neal, he presented respondent with his options, respondent made the final decision, and respondent appeared confident with his decision at the time. There was testimony at the evidentiary hearing from respondent and his relatives that they understood from their discussion with Neal that if respondent did not waive the phase I hearing, then the complainant would not have to testify at trial and the complainant's recorded testimony from the phase I hearing would be played at trial instead. Neal also acknowledged that he discussed this situation with respondent as a result of respondent posing this hypothetical situation.

The family court's findings that Neal met with respondent, was prepared, intelligently discussed the case with respondent, reviewed the relevant materials with respondent, and gave strategic advice are supported by the testimony and do not lead us to a firm conviction that a mistake was made. *Dendel*, 481 Mich at 130. "This Court will not substitute its judgment for that of counsel regarding matters of trial strategy, nor will it assess counsel's competence with the benefit of hindsight." *People v Rockey*, 237 Mich App 74, 76-77; 601 NW2d 887 (1999).

In this case, Neal discussed the evidence against respondent and presented respondent with the available options and the risks inherent to waiving the phase I hearing, including the possibility of a plea offer. Respondent has not presented any evidence to overcome the strong presumption that attorney Neal's advice constituted sound strategy. *Carbin*, 463 Mich at 600. Therefore, respondent has failed to demonstrate that attorney Neal's performance was deficient. *Id*.

Furthermore, in accepting respondent's waiver of the phase I hearing, the family court explained to respondent that the phase I hearing is a probable cause hearing that is held in place of a preliminary examination, explained the nature of the preliminary examination, and explained that respondent would be waiving the right to have a preliminary examination if he waived the phase I hearing. Respondent also indicated on the record in response to the family court's questioning that he had discussed his waiver decision with counsel; that he had not been made any promises, threats or inducements; that it was his own choice to waive the phase I hearing; and that he was not under the influence of any substances. The family court found that the waiver was made freely, voluntarily, understandingly, and knowingly. Accordingly, the family

court complied with the requirements of MCR 3.950(D)(1)(c)(ii) for accepting a waiver of the phase I hearing. Respondent testified at the evidentiary hearing that his statements at the waiver hearing were true. Therefore, respondent has not shown that his waiver was not voluntary and understanding, and he has failed to demonstrate prejudice. *Carbin*, 463 Mich at 600.

Next, respondent argues that his waiver of the phase I hearing was invalid because it was the result of a threat by the prosecutor to refrain from making a plea offer and was therefore the result of prosecutorial vindictiveness. This argument fails.

"It is a violation of due process to punish a person for asserting a protected statutory or constitutional right," and "[t]o punish a person because he has done what the law plainly allows him to do is a due process violation of the most basic sort." *People v Ryan*, 451 Mich 30, 35-36; 545 NW2d 612 (1996) (quotation marks and citation omitted). The *Ryan* Court further explained:

> Such punishment is referred to as prosecutorial vindictiveness. There are two types of prosecutorial vindictiveness, presumed vindictiveness and actual vindictiveness. Actual vindictiveness will be found only where objective evidence of an expressed hostility or threat suggests that the defendant was deliberately penalized for his exercise of a procedural, statutory, or constitutional right. The burden is on the defendant to affirmatively establish actual vindictiveness. The mere threat of additional charges during plea negotiations does not amount to actual vindictiveness where bringing the additional charges is within the prosecutor's charging discretion. [*Id*. at 36 (quotation marks and citations omitted).]

In the instant case, there is no evidence that respondent was punished for exercising his statutory right to a phase I hearing. Respondent did not have any right to be offered the opportunity to plead guilty to a lesser charge, *Lafler v Cooper*, 566 US 156, 168; 132 S Ct 1376; 182 L Ed 2d 398 (2012), so the prosecutor's indication that no plea offer would be made was not an abuse of prosecutorial power, *People v Conat*, 238 Mich App 134, 149; 605 NW2d 49 (1999). Respondent was not subjected to any increase in punishment from what he was already facing, and he was free to accept or reject what was offered by the prosecutor—the potential for engaging in plea bargaining; thus, there was no punishment or retaliation attached to respondent's decision about the phase I hearing. *Bordenkircher v Hayes*, 434 US 357, 363; 98 S Ct 663; 54 L Ed 2d 604 (1978). Just as the mere threat during plea negotiations of adding charges that the prosecutor may permissibly charge is not vindictive, the threat to refrain from reducing the charges as part of the plea negotiation process was not vindictive in this case. See *Ryan*, 451 Mich at 36.

Because respondent failed to demonstrate that he received ineffective assistance of counsel or was subjected to prosecutorial vindictiveness, the family court did not abuse its discretion when it denied his motion to withdraw his waiver of the phase I hearing. *Skowronek*, 57 Mich App at 115.

## III. PHASE II HEARING

Next, respondent argues that the family court erred by concluding, in Phase II, that waiver was in the best interests of respondent and the public because it wrongly concluded that no juvenile court services existed for respondent and was only concerned with punishing respondent even though he had not yet been convicted. We disagree.

This Court "will affirm a probate court's waiver decision whenever the court's findings, based on substantial evidence and on thorough investigation, show either that the juvenile is not amenable to treatment, or, that despite his potential for treatment, the nature of his difficulty is likely to render him dangerous to the public if he were to be released at the age of nineteen or twenty-one, or to disrupt the rehabilitation of the other children in the program prior to his release." *People v Whitfield (After Remand)*, 228 Mich App 659, 662; 579 NW2d 465 (1998). The family court's factual findings are reviewed for clear error. MCR 3.902(A); MCR 2.613(C). "A finding is clearly erroneous when, although there is evidence to support it, the reviewing court, on the whole record, is left with the definite and firm conviction that a mistake has been made." *Dendel*, 481 Mich at 130. The family court's decision on a motion to waive jurisdiction is reviewed for an abuse of discretion. See *People v Fultz*, 453 Mich 937, 937; 554 NW2d 725 (1996).

The family division of circuit court may waive jurisdiction for a juvenile 14 years of age or older who "is accused of an act that if committed by an adult would be a felony." MCL 712A.4(1). Before the family court may waive jurisdiction it must determine probable cause at a phase I hearing unless the juvenile waives the hearing. See MCL 712A.4(3). Thereafter, the family court must conduct a hearing

> to determine if the best interests of the juvenile and the public would be served by granting a waiver of jurisdiction to the court of general criminal jurisdiction. In making its determination, the court shall consider all of the following criteria, giving greater weight to the seriousness of the alleged offense and the juvenile's prior record of delinquency than to the other criteria:
>
> (a) The seriousness of the alleged offense in terms of community protection, including, but not limited to, the existence of any aggravating factors recognized by the sentencing guidelines, the use of a firearm or other dangerous weapon, and the impact on any victim.
>
> (b) The culpability of the juvenile in committing the alleged offense, including, but not limited to, the level of the juvenile's participation in planning and carrying out the offense and the existence of any aggravating or mitigating factors recognized by the sentencing guidelines.
>
> (c) The juvenile's prior record of delinquency including, but not limited to, any record of detention, any police record, any school record, or any other evidence indicating prior delinquent behavior.
>
> (d) The juvenile's programming history, including, but not limited to, the juvenile's past willingness to participate meaningfully in available programming.

(e) The adequacy of the punishment or programming available in the juvenile justice system.

(f) The dispositional options available for the juvenile. [MCL 712A.4(4)(a) to (f); see also MCR 3.950(D)(2).]

Respondent's appellate argument is directed at the family court's best-interest determination at the phase II hearing. "Although the Legislature has prescribed six criteria the family court must consider when making this best interests determination, the family court retains the discretion to make the ultimate decision whether to waive jurisdiction over the juvenile." *Williams*, 245 Mich App at 432 (citations omitted). The family court must give "greater weight to the seriousness of the alleged offense and the juvenile's prior record of delinquency than to the other criteria." MCL 712A.4(4); *Whitfield*, 228 Mich App at 662 n 1.

In this case, the family court found with respect to the first factor involving the seriousness of the offense, MCL 712A.4(4)(a); MCR 3.950(D)(2)(d)(i), that the charges of CSC-I and CSC-II with a victim under the age of 13 were very serious, that the age of the victim raised a question of community protection, and that there were not any additional aggravating factors other than the age of the victim. These findings were supported by the evidence in the phase II report that the complainant disclosed multiple incidents where respondent sexually assaulted her beginning when she was eight years old, as well as the fact that there was no evidence that a firearm or weapon was used. With respect to the second factor involving respondent's culpability, MCL 712A.4(4)(b); MCR 3.950(D)(2)(d)(ii), the family court found that respondent's culpability in committing the offense was "quite high," that there were no aggravating or mitigating factors, that no planning was involved, that there was no question of misidentification since the complainant and respondent lived in the same household and the complainant provided great detail in the CAC interview about what happened, and that respondent had made admissions contained in the phase II report and police reports that he had been in a "compromising position" with the complainant. All of these findings are consistent with the complainant's disclosures and respondent's statements contained in the phase II report.

With respect to the third factor involving respondent's prior record of delinquency, MCL 712A.4(4)(c); MCR 3.950(D)(2)(d)(iii), the family court found that respondent did not have a prior record of delinquency. With respect to the fourth factor involving respondent's programming history, MCL 712A.4(4)(d); MCR 3.950(D)(2)(d)(iv), the family court found that this was not a factor because respondent had no prior juvenile record and no juvenile programming history. Both the family's court's factor-three and factor-four findings are evidenced by the lack of support in the record that respondent had a juvenile delinquency record.

With respect to the fifth factor involving the adequacy of available punishment or programming in the juvenile system, MCL 712A.4(4)(e); MCR 3.950(D)(2)(d)(v), the family court found that there was no punishment or programming available in the juvenile justice system for respondent because respondent was currently 20 years old and it was too late to hold the necessary review hearing to extend the family court's jurisdiction to age 21 since respondent's 19th birthday had passed. The family court found that it would be unable to impose any punishment if respondent was convicted of the charged offenses. With respect to the sixth factor involving the available dispositional options, MCL 712A.4(4)(f); MCR

3.950(D)(2)(d)(vi), the family court found that there were no dispositional options for respondent given his age. These findings are also supported by the evidence of respondent's age, as well as the applicable law regarding the family court's jurisdiction over juveniles. MCL 712A.2(a)(1); MCL 712A.2a(5); MCL 712A.5; MCL 712A.18d(1) and (3); MCR 3.945(B)(1). Therefore, based on a review of the record, the family court's factual findings do not lead to a firm conviction that a mistake was made and thus were not clearly erroneous. *Dendel*, 481 Mich at 130.

With respect to the determination of whether waiving jurisdiction was in the best interests of respondent, respondent would have *no* programming available in the family division of circuit court if found responsible for these serious offenses because his age would preclude the family division from exercising jurisdiction over him. Therefore, it was in respondent's best interests to waive jurisdiction in order to avoid denying him the opportunity for appropriate programming. Moreover, with respect to the determination of whether waiving jurisdiction was in the best interest of the public, if the prosecution's waiver motion had been denied, there would be no punishment or consequence available for respondent if he were found responsible for committing these very serious crimes because the family division could not exercise jurisdiction over him due to his age. It was in the best interests of the public to hold respondent accountable for his crimes if eventually convicted. Therefore, respondent's argument is without merit because he essentially argues that, because of the timing of this prosecution and his age, he should not have to face any consequence for his actions if he is convicted. Considering the above in light of the very serious nature of CSC offenses, the family court did not err in waiving jurisdiction, and its ruling should be affirmed. *Whitfield*, 228 Mich App at 662 n 1.

Affirmed.

/s/ Jane E. Markey
/s/ Michael J. Kelly
/s/ Thomas C. Cameron

-11-